UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BRIDGETTE MCCOY                                              CIVIL ACTION NO:

VERSUS                                                       SECTION:

HOUSING AUTHORITY OF NEW ORLEANS, officially   MAGISTRATE:
HOUSING AUTHORITY POLICE DEPARTMENT, officially
SILAS PHIPP, JR., officially and individually
THE NEW ORLEANS ESTATE, officially
ODEAL SKID-MORE DAVIS, officially and individually
JAMES A. RYAN, III & ASSOCIATES, L.L.C., officially
JEFFREY A. CLAYMAN, officially and individually

15-398

SECT. G MAG. 2

FILED:_____       _____
                                    CLERK OF COURT

PETITION FOR DAMAGES AND REQUEST FOR TRIAL BY JURY

I.
JURISDICTION

The jurisdictional authority of this court is invoked pursuant to U.S. Constitution Article III § 2, clause 1; 28 U.S.C. §§ 1331 and 1343 and 1367. Plaintiff seeks damages against defendant parties for violation of her U.S. Constitution 4th and 14th Amendment due process rights; Civil Rights pursuant 42 U.S.C. §§ 1983 and 1985; 24 CFR part 966.54; 42 U.S.C. § 1437(f)(o)(18)( C ); Breach of Lease Agreement; Abuse of Process and Malicious Prosecution; Louisiana civil code article 2315 and Louisiana Revised Statute 13:5101 et seq.

II.

Venue is proper because the events occurred in the Parish of Orleans.

III.

PARTIES

1. Bridgette McCoy is a person of full age of majority and domicile in the Parish of Orleans.

2. Housing Authority of New Orleans is a political subdivision of the state of Louisiana, and municipality of New Orleans.

3. Housing Authority of New Orleans Police Department is a component of the Housing Authority of New Orleans.

4. Silas Phipp, Jr. is a person of full age of majority and police officer for the Housing Authority of New Orleans Police Department.

5. The New Orleans Estate is a foreign corporation authorized and doing business in the state of Louisiana.

6. Odeal Skidmore- Davis is a person of full age of majority and General Manager for the New Orleans Estate.

7. James Ryan III & Associates, L.L.C. is a professional law firm and authorized and doing business in the state of Louisiana.

8. Jeffrey A. Clayman is a person of full age of majority and staff attorney for James Ryan III & Associates, L.L.C.

IV.

1. The plaintiff, Bridgette McCoy is a public housing resident with a property interest in the unit she occupies in the revitalized Desire public housing development.

2. The Housing Authority of New Orleans is regulated by the United States Housing and Urban Development, and receives federal financial assistance.

3. The Housing Authority of New Orleans Police Department is federally regulated and receives its funding from federal financial assistance.

4. Defendant, Silas Phipps, Jr. was dispatched to the property to investigate an alleged fight between plaintiff and another resident.

5. Defendant, Phipps, upon arrival on the site on April 19, 2014, conducted interview of the parties, but could not determine the aggressor and arrested both parties.

6. Defendant, Phipps held himself out to be an expert DWI Certified exercised his personal judgment and arrested Ms. McCoy for public drunkeness and disturbing the peace on the basis of his subjected opinion.

7. Defendant, Phipps failed to administer any type of sobriety examination prior to arresting plaintiff, Ms. Bridgette McCoy or identify the quantity and quality of alcohol she had consumed.

8. Defendant, Phipps prior to arresting plaintiff took her to the hospital for treatment of laceration over the eye, but failed to have the treating physician test Ms. McCoy ethanol blood level to determine if she in fact was intoxicated.

9. Plaintiff contends that, officer Silas Phipps, Jr. fabricated his police report in order to aide Odeal Skidmore-Davis, General Manager for the New Orleans Estate to evidence a lease violation to evict her from her unit.

10. On May 7, 2014, defendant, Odeal Skidmore-Davis sent a Notice of Infraction accusing Ms. McCoy of committing criminal activities on the premises.

11. Plaintiff avers that, she was not informed of her right to a grievance by the General Manager of anyone employed with the New Orleans Estate or allowed to file a complaint against management or another residence as required by provisions stipulated in the lease

agreement or 24 CFR part 964.50 as mandatory regulated and required prior to implementation of eviction proceedings.

12. Plaintiff avers that, she never received a Notice to Vacate as alleged by the General Manager, and the eviction proceedings were implemented by James Ryan, III & Associates, L.L.C. prematurely and prior to the allotted time for filing eviction.

13. Defendants, New Orleans Estate / Mrs. Odeal Skidmore-Davis retained James Ryan III & Associates, L.L.C. to institute eviction proceedings against Ms. McCoy without affording her an opportunity to respond.

14. Plaintiff, at all time, denied instigation and participation in any fight on the premises, and maintained she was the victim of an attack by another resident ignored by all defendant parties.

15. Plaintiff avers that, federal statute prohibits termination of federal financial assistance of residents, who, are victims of a dating, domestic or stalking crime.

16. Plaintiff avers that, defendants acted in concert to violate federal statute by filing and continuing eviction proceeding against her.

17. Defendant, James Ryan, III & Associates, L.L.C. assigned staff attorney Jeffrey A. Clayman to institute eviction proceedings, who knew or should have known that Ms. McCoy charges filed by Officer Silas Phipp, Jr. was not accepted by the Municipal Court for the City of New Orleans prior to the judgment in First City Court for the Parish of Orleans.

18. Plaintiff contends that, defendants has no reason to arrest or evict her from her unit.

19. Plaintiff contends that, defendants failed to adhere to procedures established in the Code of Federal Regulations and Lease Agreement prior to eviction of a public housing

tenant.

20. Plaintiff avers that, defendants failed to recant their position with knowledge of her exoneration of the charges alleged by New Orleans Estate, Housing Authority Police Department, and management and employees of the various entities.

21. Plaintiff contends that, the entities joined as defendant in this lawsuit authorized and sanctioned their managers, staff and employees to abuse the process and maliciously prosecute to illegally evict her.

22. Plaintiff contends that, defendants actions / inactions caused her to be deprived of her property and to suffer personal injuries in violation of the Constitution and laws of the United States and state of Louisiana.

23. Plaintiff contends that, defendants actions / inactions were in concert to deprive her of her property and liberty interest and rights.

24. Plaintiff contends that, at all times, defendant parties were acting under color of state law.

25. Plaintiff contends that, defendants filing of Rule for Possession, Witness testimony was not support by evidence to evict, and utilized the court to improperly obtain a judgment by fraud.

26. Plaintiff contends that, entities joined as defendants are vicariously liable for the actions / inactions of the respective managers, staff or employees for the harm caused to her.

27. Plaintiff has suffered and continues to suffer as a result of defendants actions / inactions.

28. Plaintiff contends that, court intervention is absolutely indispensable to resolve the

conflict and controversies of this case.

29. Plaintiff avers that, New Orleans Estate is a agent of the federal government performing primary tasks assigned exclusively to the federal government.

V.

PRAYER FOR RELIEF

1. Plaintiff prays in accordance with U.S. Constitution 7th Amendment her case or controversies is tried by a jury.

2. Plaintiff prays this Honorable Court find defendants in violation of the constitutions, civil rights and federal statutes, and Louisiana state statutes cited in the jurisdiction.

3. Plaintiff prays this Honorable Court find entities joined vicariously liable.

4. Plaintiff prays this Honorable Court find individuals liable for the conduct.

5. Plaintiff prays this Honorable Court awards compensatory and punitive damages.

**WHEREFORE,** plaintiff prays this Honorable Court issues summons and complaint on defendant parties, and they are made to appear and answer same. Plaintiff further prays that, after all legal delays and due proceedings judgment is rendered in her favor and against defendants for all general and equitable relief proper in premise including but not limited to court cost, attorney fees, out of pocket expenses, penalty and interest from the judicial date of demand until paid in full.

Respectfully Submitted

By: _Bridgette McCoy_

Bridgette McCoy / In Proper Person
2937 Oliver White Street
New Orleans, LA. 70126
(504) 255-6387

PLEASE ISSUE SUMMONS ON DEFENDANTS