## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BRIDGETTE MCCOY**                                    **CIVIL ACTION**

**VERSUS**                                             **CASE NO. 15-398**

**HOUSING AUTHORITY OF NEW ORLEANS, et al.**    **SECTION: "G"(2)**

## ORDER

Before the Court is Defendants Jeffrey A. Clayman and James Ryan III & Associates, L.L.C.'s ("Movers") "Motion to Dismiss for Failure to State a Claim and/or for Insufficient Service of Process."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion in part and deny the motion in part.

## I. Background

### A.    *Factual Background*

In her complaint, Plaintiff Bridgette McCoy ("McCoy"), originally proceeding *pro se*, alleges that she is a public housing resident living in a housing complex owned by the Housing Authority of New Orleans ("HANO") and managed by private corporation Interstate Realty Management Company ("IRMC").[2] She appears to allege that she was wrongfully evicted from her residence following her arrest on April 19, 2014 for public drunkenness and fighting with another resident.[3] Movers were retained by IRMC to file a "rule for possession," or eviction proceedings, against McCoy.[4] According to Movers' motion to dismiss, a Louisiana state trial court found that she

---

[1] Rec. Doc. 13.

[2] Rec. Doc. 1.

[3] *Id.* at p. 3.

[4] *Id.* at p. 4.

violated the housing complex's one-strike policy by being involved in a fight on the complex grounds.[5] On March 18, 2015, the Louisiana Fourth Circuit Court of Appeal reversed, finding that no proof existed to show that McCoy engaged in the alleged criminal acts, and noting that the criminal charges against McCoy had been dismissed by the New Orleans Municipal Court on June 6, 2014.[6]

McCoy filed this lawsuit on February 2, 2015.[7] In her complaint, she names as defendants Movers, as well as several parties allegedly involved in her arrest and eviction.[8] McCoy alleges that Movers knew or should have known that the New Orleans Municipal Court had dismissed charges against her before the trial court issued judgment against her in the eviction proceedings, but failed to recant their position.[9] It appears that McCoy alleges that Movers acted under "color of state law" and engaged in malicious prosecution and violation of the Due Process Clause of the Constitution.[10]

**B.    Procedural Background**

Movers filed the pending Motion to Dismiss on May 18, 2015, wherein they contend that service was improper and that McCoy has failed to state a claim against them.[11] Although the motion was for a long time unopposed, on September 1, 2015, an attorney enrolled as counsel of record in this matter on behalf of McCoy.[12] On September 24, 2015, the Court granted McCoy an additional

---

[5] Rec. Doc. 13-2 at p. 2.

[6] Rec. Doc. 13-3 at pp. 25–32.

[7] Rec. Doc. 1.

[8] *Id.*

[9] *Id.* at p. 5.

[10] *Id.* at p. 1, 5.

[11] Rec. Doc. 13.

[12] Rec. Doc. 32.

eight days to respond to Movers' motion to dismiss.[13] On October 1, 2015, McCoy filed two oppositions to the instant motion.[14] With leave of the Court, Movers filed a reply brief on November 10, 2015.[15]

## II. Parties Arguments

*A.*   ***Movers' Arguments in Support of Their Motion to Dismiss***

    **1.**   **Failure to State a Claim**

Movers, the counsel who represented McCoy's opponents in state court proceedings, first argue that, under Louisiana law, Plaintiff has no cause of action against them because they did not represent McCoy at any point in the underlying litigation.[16] Citing *Penalber v. Blount*, Movers argue that under Louisiana law, attorneys do not owe legal duties to their clients' adversaries when acting on their clients' behalf, and therefore adversaries' attorneys cannot be held personally liable for malpractice or negligent breach of a professional obligation.[17] According to Movers, in *Penalbar*, the Louisiana Supreme Court "unequivocally established that the only cause or right of action that a party can have against her opponent's attorney must be based on an intentional tort of that attorney," which would amount to a knowing violation of a statutory prohibition.[18] Moreover, Movers contend, the Louisiana Supreme Court extended *Penalber* in *Montalvo v. Sondes*, where it held that allegations that attorneys conducted underlying litigation in "bad faith," engaged in a "frivolous attempt to collect sanctions and attorney's fees," and that a "simple investigation" would

---

[13] Rec. Doc. 36.

[14] Rec. Docs. 39, 40.

[15] Rec. Doc. 49.

[16] Rec. Doc. 13-2 at p. 4.

[17] *Id.* (citing *Penalber v. Blount*, 550 So. 2d 577, 581 (La. 1989)).

[18] *Id.*

have apprised them of the impropriety of their actions, was insufficient to state an "intentional tort" cause of action against the attorneys.[19] Movers contend that the holdings of *Penalber* and *Montalvo* have repeatedly been applied by other Louisiana courts.[20]

Movers next argue that Plaintiff has failed to a state a claim for malicious prosecution under federal law because, to sustain a claim under § 1983, McCoy must prove that Movers, although retained to represent a private corporation, were nevertheless state actors.[21] Movers aver that it is well-established that a private individual, such as an attorney, cannot be held liable under § 1983 unless he conspires with a state actor to commit an illegal act that violates a plaintiff's constitutional rights.[22] Movers contend that allegations of a conspiracy must be alleged with specific facts, but that here, McCoy only alleges that "defendants acted in concert to violate federal statute[s] by filing and continuing eviction proceeding[s] against her."[23] According to Movers, federal law "clearly states that a lawyer does not conspire with the state or state actors by simply using the legal system to bring a claim against an opposing party."[24] Therefore, Movers contend, they did not transform themselves into state actors simply by relying on Louisiana's legal system to pursue eviction proceedings, and likewise did not conspire with state actors by doing so.[25]

---

[19] *Id.* at pp. 4–5 (citing *Montalvo v. Sondes*, 93-2813 (La. 5/23/94); 637 So. 2d 127 (La. 1994)).

[20] *Id.* at pp. 5–6 (citing *Ulmer v. Frisard*, 97-5 (La. App. 5 Cir. 1997); 694 So. 2d 1046; *Hays v. Hanson*, 96-1903 (La. App. 4 Cir. 1997); 692 So. 2d 3; *Joyner v. Wear*, 27631 (La. App. 2 Cir. 1995); 665 So. 2d 634).

[21] *Id.* at p. 6 (citing *Allen v. Love*, No. 14-204, 2015 WL 1021695 (E.D. La. 2015) (Milazzo, J.)).

[22] *Id.* at pp. 6–7 (citing *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2011); *Tebo v. Tebo*, 550 F.3d 492 (5th Cir. 2008)).

[23] *Id.* at p. 7 (citing *Priester v. Lowndes Cty.*, 354 F.3d 414, 421 (5th Cir. 2004)).

[24] *Id.* (citing *Dennis v. Sparks*, 449 U.S. 24, 28 (1980); *Richard v. Hoeschst Celanese Chem. Grp., Inc.*, 355 F.3d 354, 353 (5th Cir. 2003)).

[25] *Id.*

### 2.      Failure to Serve Process

Next, Movers argue that the complaint against Movers should be dismissed for insufficient service of process.[26] According to Movers, because Jeffrey A. Clayman ("Clayman") was sued in his individual capacity, service must have been made on him in one of four ways: (1) following state law for serving an individual, which in Louisiana requires either personal or domiciliary service; (2) delivering a copy of the summons and complaint to the individual personally; (3) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; (4) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.[27] Movers contend, however, that copies of McCoy's petition for damages were merely left with Clayman's secretary at his office.[28] Movers allege that individuals may not be served by merely leaving the complaint and summons at their place of business, unless an agent appointed for service of process receives the documents.[29]

In addition, Movers contend, service on a secretary at the place of business of James Ryan III & Associates, L.L.C. was also ineffectual to serve the law firm.[30] According to Movers, service may be made on an unincorporated association by: (1) following state law requirements for serving the association, which in Louisiana requires personal service on any one of a limited liability

---

[26] *Id.*

[27] *Id.* at pp. 7–8.

[28] *Id.* at p. 8.

[29] *Id.* (citing *Figueras v. Autoridad de Energia Electrica*, 553 F. Supp. 2d 43 (D.P.R. 2007); *Cohen v. City of Miami*, 54 F.R.D. 274 (S.D. Fla. 1972); *West v. Paige*, 835 F. Supp. 20 (D. Me. 1993)).

[30] *Id.*

company's agents for service of process; or (2) by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.[31] Movers contend that a copy of the petition was simply left with a secretary in the L.L.C.'s office, and because the secretary is not an agent authorized for service of process for the limited liability company, service on her was not effective as to James Ryan III & Associates, L.L.C.[32]

**B.      McCoy's Arguments in Opposition**

     **1.      Failure to State a Claim**

In opposition, McCoy argues that Odeal Skidmore-Davis ("Skidmore-Davis"), the general site manager for IRMC and a defendant in the instant case, fabricated a notice of infraction/notice to vacate alleging criminal activities against McCoy which was never provided to her, in violation of federal law and the Fourteenth Amendment.[33] McCoy claims that IRMC retained James Ryan III & Associates to handle the eviction proceedings, who assigned Clayman as staff attorney to prosecute the claim.[34] According to McCoy, Clayman engaged in Skidmore-Davis's plan "instituting criminal charges as One-Strike policy violation against Bridgette McCoy with the knowledge of its falsity."[35] McCoy argues that Louisiana Code of Civil Procedure article 863 requires an attorney to conduct a reasonable inquiry prior to signing a pleading, and that Clayman failed to do so.[36] McCoy

---

[31] *Id.* at p. 9.

[32] *Id.*

[33] Rec. Doc. 40 at p. 2.

[34] *Id.*

[35] *Id.*

[36] *Id.* at pp. 2–3.

alleges that Clayman made fraudulent misrepresentations against her and improperly influenced the trial court judge in granting an eviction.[37] McCoy claims that Clayman knew that filing a false pleading with fabricated evidence would aggrieve Plaintiff, but nevertheless perpetuated false claims against her.[38]

McCoy argues that "[t]he test as to the sufficiency of a complaint is whether it states a claim which is wholly frivolous . . . ."[39] McCoy avers that "[t]he court is not bound by the self-serving interpretations, presentations, representations for the convenience of infringing on the constitutional and statutory rights of a U.S. citizen as suggested in the precatory pleadings of counsel for [Movers]."[40] McCoy contends that Federal Rule of Civil Procedure 15(a) allows a plaintiff to amend an original complaint prior to the filing of a responsive pleading.[41] McCoy avers that the standard for drafting a complaint is less stringent for pro se plaintiffs than for attorneys.[42] Therefore, McCoy argues, if the Court determines that the original complaint fails to state a claim, then she should be allowed to amend and supplement the complaint.[43] McCoy claims that, in general, to remedy deficient pleadings in § 1983 cases, courts grant plaintiffs leave to amend their complaints to allege more specific facts, rather than dismissing the cause of action.[44] According to McCoy, dismissal is

---

[37] *Id.* at p. 3.

[38] *Id.*

[39] Rec. Doc. 40 at p. 4 (citing *Radovich v. Nat'l Football League*, 352 U.S. 445 (1957)).

[40] *Id.* at p. 5.

[41] *Id.*

[42] *Id.*

[43] *Id.*

[44] *Id.* (citing *LaFleur v. Wallace State Cmty. College*, 955 F. Supp. 1406 (M.D. Ala. 1996)).

not appropriate if a pro se litigant's pleadings, when liberally construed, would support the existence

of a cause of action under § 1983, even if the litigant does not specifically assert § 1983 violations.[45]

McCoy contends that her complaint nevertheless does state a claim for which relief may be granted,

arguing that the evidence that the Louisiana Fourth Circuit Court of Appeal reversed the judgment

in the eviction proceedings against her demonstrates a cause of action against Movers.[46]

### 2.    Failure to Serve Process

McCoy alleges that she has requested re-issuance of summons on James Ryan III ("Ryan"),

James Ryan III & Associates, and Clayman, and has hired a process server to effectuate service of

process.[47] According to Plaintiff, Federal Rule of Civil Procedure 4(m) allows for additional time

for effectuating service of process when there is good cause.[48] Here, McCoy avers, Movers will

suffer no prejudice by the Court extending the time to properly effectuate service of process.[49]

McCoy appears to argue that attorney Ryan's wife identified herself to Plaintiff's process

server as possessing authority to accept service on behalf of both Ryan and James Ryan III &

Associates, LLC.[50] McCoy alleges that "from the dialogue between Mr. Ryan's wife and process

server, it is unconceivable [sic] and obscured perceivably that, Mr. Ryan counsel of record would

utilize situation to created [sic] a dilatory and strategic method of circumventing the judicial process

---

[45] *Id.* (citing *Hunter v. City of Beaumount*, 867 F. Supp. 496 (E.D. Tex. 1994)).

[46] *Id.*

[47] Rec. Doc. 39 at p. 1.

[48] *Id.*

[49] *Id.* at p. 2.

[50] Rec. Doc. 40 at p. 3.

as a flaw to Ms. McCoy."[51] McCoy states that she has had the summons re-issued on James Ryan III & Associates, James Ryan III, and Clayman.[52] McCoy argues that dismissal on these grounds would be without prejudice, and "extended beyond the statute of limitations for instituting a civil action against defendant parties."[53] Because extending time for service of process would not prejudice Movers, McCoy attests, the Court should grant her additional time to effectuate service.[54]

## C.   *Movers' Arguments in Further Support of Their Motion to Dismiss*

Movers argue that Plaintiff's opposition simply "re-hash[ed] the bare allegations contained in her initial Complaint, none of which is sufficient to state an intentional tort by her opposing counsel as required to state a cause of action under Louisiana state law or 28 U.S.C. § 1983."[55] Movers argue that to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts and not mere conclusory allegations, whereas McCoy's allegations are "clearly conclusory" and "have absolutely no basis in fact."[56] Furthermore, Movers allege, Plaintiff's oppositions repeatedly appeal to the Court's discretion to allow Plaintiff to amend her Complaint rather than dismiss it, and that such appeals are evidence that McCoy agrees that her Complaint is insufficient under federal pleading standards.[57]

In response to Defendants' motion to dismiss for insufficient service of process, Movers also

---

[51] *Id.*

[52] *Id.*

[53] *Id.* at pp. 3–4.

[54] *Id.* at p. 4.

[55] Rec. Doc. 49 at p. 1.

[56] *Id.* (citing *Elliott v. Foufas*, 867 F.2d 877 (5th Cir. 1989)).

[57] *Id.* at p. 2.

argue that Plaintiff simply requested re-issuance of summons and a copy of her original complaint on Defendants.[58] Movers contend that, as of November 10, 2015, however, Clayman still had not been properly served with the Complaint, and therefore, as to Clayman, Plaintiff's Complaint should be dismissed.[59]

### III. Law and Analysis

#### A.   *Legal Standard*

##### 1.   **Motion to Dismiss for Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[60] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[61] "Factual allegations must be enough to raise a right to relief above the speculative level."[62] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[63]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[64] However, although required to accept all "well-pleaded facts"

---

[58] *Id.*

[59] *Id.*

[60] Fed. R. Civ. P. 12(b)(6).

[61] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[62] *Twombly*, 550 U.S. at 556.

[63] *Id.* at 570.

[64] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

as true, a court is not required to accept legal conclusions as true.[65] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[66] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[67] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[68] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[69] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[70] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[71]

However, dismissal is a harsh remedy, and the Fifth Circuit has instructed that a motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted."[72] Short of granting a

---

[65] *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

[66] *Id.* at 679.

[67] *Id.* at 678.

[68] *Id.*

[69] *Id.*

[70] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[71] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

[72] *Beanal v. Freeport-McMoran, Inc*, 197 F.3d 161, 164 (5th Cir. 1999).

motion to dismiss, a court may grant a plaintiff leave to amend its complaint.[73] "In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[74]

### 2.     Motion to Dismiss for Insufficient Service of Process[75]

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for insufficient service of process.  When service of process is challenged, the party responsible for effecting service must bear the burden of establishing its validity.[76]  Federal Rule of Civil Procedure 4 governs service of process generally, and Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service.[77]

---

[73] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("This standard 'evinces a bias in favor of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment.'") (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

[74] *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[75] Although Movers style their motion as a motion pursuant to Rule 12(b)(4), governing insufficient process, it appears that they are in fact challenging *service* of the process, rather than the process itself, under Rule 12(b)(5). *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedures* § 1353 (3d ed.) ("An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint.") (citations omitted). Therefore, the Court analyzes Movers' motion pursuant to Rule 12(b)(5).

[76] *Aetna Bus. Credit., Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981).

[77] Rule 4(m) was amended on December 1, 2015 to shorten the time for service from 120 days to 90 days. However, because this Complaint was filed prior to the changes going into effect, it is governed by the older version of the rule. *See* Chief Justice Kurt D. Engelhardt, *General Order—Effecting Service and Issuance of Scheduling Orders* (Dec. 2, 2015),

The burden is clearly on the plaintiff to show good cause as to why service was not effected timely,[78] and the plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[79] Nonetheless, the Court has discretion under Rule 4(m) to extend the time for service even in the absence of good cause.[80]

**B.    Analysis**

**1.    Motion to Dismiss for Failure to State a Claim**

Movers allege that Plaintiff can state no cause of action against them under either Louisiana or federal law.[81] The Court will address each argument in turn.

**a.    Louisiana Law**

It is not entirely clear which causes of action McCoy brings against Movers pursuant to Louisiana law, but it appears that she has pleaded claims pursuant to Louisiana Civil Code article 2315, governing negligence, and Louisiana Revised Statute § 13:5101, titled the "Louisiana Governmental Claims Act." In opposition to the pending motion, Plaintiff also cites Louisiana Code of Civil Procedure article 863, governing the signing of pleadings.

**i.    Negligence**

Movers argue that under Louisiana law, attorneys do not owe legal duties to their clients'

---

http://www.laed.uscourts.gov/news/general-order-effecting-service-and-issuance-scheduling-orders.

[78] *McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir. 1993).

[79] *Gartin v. Par Pharm. Cos. Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

[80] *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013); *see also Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008).

[81] Rec. Doc. 13-2 at p. 4.

adversaries when acting on their clients' behalf, and therefore adversaries' attorneys cannot be held personally liable for malpractice or negligent breach of a professional obligation.[82] Movers rely on *Penalber v. Blount*, a Louisiana Supreme Court case that held that although attorneys can be held liable to non-clients for intentional tortious conduct, "no cause of action lies in favor of a non-client under theories of malpractice and negligence because the attorney owes no duty to the adversary of his client."[83]

McCoy does not cite any authority to contest Movers' argument that such a claim cannot be stated against an opponent's attorneys, and alleges summarily that only a "short and plain statement" of her cause of action is necessary and that, should the Court be inclined to grant the motion to dismiss, she should instead be given the opportunity to amend her complaint.[84] Despite having retained counsel prior to filing an opposition, Plaintiff, citing no authority, also urges the Court to consider that, for a *pro se* pleader, "the standard for drafting a complaint is less stringent than that of a lawyer."[85]

As Movers have noted, the Louisiana Supreme Court held, in *Montalvo v. Sondes*, that even where attorneys are alleged to have filed a facially meritless suit, such an action alone is not sufficient to sustain a suit for an intentional tort, let alone for negligence.[86] There, the Louisiana Supreme Court reasoned that "the attorney may be simply the instrument through which the client invokes judicial determination. . . . [Therefore,] . . . it is essential for the petition to allege facts

---

[82] *Id.* (citing *Penalber v. Blount*, 550 So. 2d 577, 581 (La. 1989)).

[83] *Penalber*, 550 So. 2d at 578.

[84] Rec. Doc. 40 at pp. 4–5.

[85] *Id.* at p. 5.

[86] *Montalvo v. Sondes*, 93-2183 (La. 5/23/94); 637 So. 2d 127, 130.

showing specific malice or an intent to harm on the part of the attorney in persuading his client to initiate and continue the suit."[87] If it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[88] Because the Court has found such an "insuperable" bar to relief here, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff has also requested leave to amend her Complaint should the Court find that the Complaint fails to state a claim.[89] Although McCoy urges the Court to consider the fact that the Complaint was filed *pro se*, the Court notes that the oppositions in this matter were filed by an attorney retained by McCoy. Those oppositions cite no authority, nor has the Court found any, that would allow McCoy to sustain a cause of action for negligence against an adversary's attorney even if she were to plead additional facts in an amended complaint. "It is within the district court's discretion to deny a motion to amend if it is futile."[90] Amendment is futile if an amended complaint would also fail to state a claim upon which relief could be granted.[91] In light of Louisiana Supreme Court authority on the matter, and because Plaintiff could plead no facts that would allow her to sustain a negligence cause of action against Movers, the Court finds that granting leave to amend in this context would be futile. Accordingly, the Court grants Movers' motion to dismiss with regard to Plaintiff's Louisiana state law negligence claims against them.

---

[87] *Id.* (citation omitted).

[88] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

[89] Rec. Doc. 40 at p. 5.

[90] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000).

[91] *Id.* at 873.

## ii.    Louisiana Governmental Claims Act

As noted above, it is not entirely clear whether Plaintiff has alleged that Movers violated Louisiana Revised Statute 13:5101 *et seq*. Louisiana Revised Statute 13:5101(B) indicates that the Louisiana Governmental Claims Act applies to any suit for injury against "an officer or employee of a political subdivision arising out of the discharge of his official duties or within the course and scope of his employment." The Court cannot determine which provisions of the statute, which largely governs how and whether parties may sue government actors, Movers are alleged to have violated, nor have the parties briefed the issue. Therefore, the Court herein grants McCoy leave to amend her complaint in order to clearly plead whether she seeks to maintain a cause of action against Movers pursuant to the Louisiana Governmental Claims Act.

## iii.    Louisiana Code of Civil Procedure article 863

Finally, McCoy appears to allege in her opposition, although not in her Complaint, that Movers violated Louisiana Code of Civil Procedure article 863, which governs the signing of pleadings.[92] "La. C.C.P. art. 863 imposes an obligation upon litigants and their counsel who sign a pleading to make an objectively reasonable inquiry into the facts and the law; subjective good faith will not satisfy the duty of reasonable inquiry."[93] The failure to abide by Article 863 can provide the grounds for a party to move for sanctions.[94] However, Article 863 does not create a private cause

---

[92] Rec. Doc. 40 at p. 2.

[93] *Voitier v. Guidry*, 14-276 (La. App. 5 Cir. 12/16/14); 166 So. 3d 262, 268 *writ denied*, 2015-0118 (La. 4/10/15); 176 So. 3d 1032; *see also Bracken v. Payne & Keller Co.*, 2006-0865 (La. App. 1 Cir. 9/5/07); 970 So. 2d 582, 591.

[94] *Voitier*, 166 So. 3d at 268;

of action that a party may plead in a subsequent proceeding.[95] Should McCoy seek sanctions, she can do so in the underlying litigation; this Court, however, is not the proper place to raise such a claim.[96] Accordingly, the Court finds that McCoy has failed to state a claim upon which relief can be granted, and herein dismisses McCoy's claim, if pled, pursuant to Louisiana Code of Civil Procedure article 863. Furthermore, because Article 863 does not create a private cause of action, the Court finds that amendment of the Complaint in order to plead additional facts regarding an Article 863 claim would be futile.

### b.   Federal Law

Once again, it is unclear from the face of the Complaint which federal laws Movers are alleged to have violated, but it appears from the Complaint and Plaintiff's opposition that she is alleging violations of 42 U.S.C. § 1983 and perhaps § 1985.

### i.   Claims Pursuant to 42 U.S.C. § 1983

42 U.S.C. § 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

---

[95] *See Montalvo v. Sondes*, 637 So. 2d 127, 131 n.6 (La. 1994) ("Federal courts interpreting Fed. Rule of Civ. Proc. 11, which is the source of art. 863 (which provides sanctions for improper pleadings), have concluded that it does not create a private cause of action, but is rather a remedial tool available to the court.").

[96] *See Alpine Meadows, L.C. v. Winkler*, 49,490 (La. App. 2 Cir. 12/10/14); 154 So. 3d 747, 767, *reh'g denied* (Jan. 8, 2015), *writ denied*, 2015-0292 (La. 4/24/15); 169 So. 3d 357 ("Article 863 does not provide a time limitation for the filing of a motion for sanctions by a party."); *see also Frazer v. Bruscato*, 34,021 (La. App. 2 Cir. 11/1/00); 772 So. 2d 293, 297.

Movers argue that Plaintiff has failed to a state a claim under § 1983 because she cannot show that Movers, who were retained to represent a private corporation, were nevertheless state actors.[97] Movers aver that it is well-established that a private individual, such as an attorney, cannot be held liable under § 1983 unless he conspires with a state actor to commit an illegal act that violates a plaintiff's constitutional rights.[98] Movers contend that allegations of a conspiracy must be alleged with specific facts, but that here, McCoy only alleges that "defendants acted in concert to violate federal statute[s] by filing and continuing eviction proceeding[s] against her."[99] In opposition, McCoy argues that Movers instituted eviction proceedings against her knowing that the premise for the proceedings was false.[100] McCoy alleges that attorney Clayman made fraudulent misrepresentations against her and improperly influenced the trial court judge in granting an eviction, without citing any facts elaborating on the manner of the alleged improper influence.[101] McCoy claims that Clayman knew that filing a false pleading with fabricated evidence would aggrieve Plaintiff, but nevertheless perpetuated false claims against her.[102]

In her oppositions, filed with the aid of counsel, McCoy does not appear to challenge that Movers, who allege that they represented Interstate Realty Management Co., a private corporation, are private, rather than public, defendants.[103] "As a matter of substantive constitutional law the

---

[97] Rec. Doc. 13 at p. 6 (citing *Allen v. Love*, 14-204, 2015 WL 1021695 (E.D. La. Mar. 9, 2015)).

[98] *Id.* at pp. 6–7 (citing *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2011); *Tebo v. Tebo*, 550 F.3d 492 (5th Cir. 2008)).

[99] *Id.* at p. 7 (citing *Priester v. Lowndes Cty.*, 354 F.3d 414, 421 (5th Cir. 2004)).

[100] Rec. Doc. 40 at p. 2.

[101] *Id.* at p. 3.

[102] *Id.*

[103] *See* Rec. Docs. 39, 40.

state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments[.]'"[104] In *Lugar v. Edmondson Oil Co.*, the Supreme Court set forth a two-part test for determining whether the deprivation of a federal right could fairly be attributable to the state: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible"; and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor," and "[t]his may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."[105] Private individuals generally are not considered state actors, and private misuse of state law does not constitute state action.[106] However, a private individual may act under color of state law in certain circumstances, "such as when a private person is involved in a conspiracy or participates in joint activity with state actors."[107]

Thus, pursuant to Fifth Circuit precedent, to state a cause of action or claim against Movers under § 1983, Plaintiffs must allege: that (1) there was an agreement between the private and public defendants to commit an illegal act; and (2) a deprivation of a constitutional right.[108] In *Priester v. Lowndes County*, the Fifth Circuit affirmed the district court's dismissal of the private defendant because the complaint failed to allege a conspiracy between the private defendant and the public

---

[104] *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (quoting *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 156 (1978)).

[105] *Id.* at 937.

[106] *Id.* at 941; *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005).

[107] *Ballard*, 413 F.3d at 518 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150–52 (1970)).

[108] *Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004).

defendant, as required to maintain suit against a private defendant under § 1983.[109] Moreover, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."[110] The Fifth Circuit has held that even if a judge reaches a decision based on misinformation that the counsel provides, the issuance of the decision does not imply that counsel acted under the color of state law.[111]

Here, Plaintiff has alleged only in the barest terms that Movers acted "in concert to deprive her of her property and liberty interest and rights."[112] In her opposition, Plaintiff claims that attorney Clayman "made fraudulent misrepresentation[s] against Ms. McCoy, and improperly influenced the Judge in granting an eviction," but makes no such allegation in her Complaint, and nonetheless points to no specific facts to support such a claim.[113] On the record thus far, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted with respect to her § 1983 claims against Movers.

However, given that Plaintiff has requested leave to amend her Complaint, and in light of the fact that the Complaint was originally filed *pro se*, the Court herein grants Plaintiff leave to amend her complaint to plead, if she can, specific facts to support her claim that Movers engaged in state action sufficient to sustain a § 1983 claim.[114]

---

[109] *Id.*

[110] *Dennis v. Sparks*, 449 U.S. 24, 28 (1980).

[111] *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 353 (5th Cir. 2003).

[112] Rec. Doc. 1 at p. 5.

[113] Rec. Doc. 40 at p. 3.

[114] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("This standard 'evinces a bias in favor of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment.'") (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

### ii.      Claims Pursuant to 42 U.S.C. § 1985

It is not clear from the face of Plaintiff's Complaint whether she alleges any § 1985 claims against Movers, and Movers, in their Motion to Dismiss (which purports to dismiss all claims against them), do not make any arguments regarding § 1985. Furthermore, it is unclear which portion of § 1985, which governs conspiracies to interfere with civil rights, McCoy alleges has been violated. Therefore, Plaintiff is granted leave to amend to allege with specificity, should she wish to do so, whether she is pursuing a § 1985 conspiracy claim against Movers, and the specific facts upon which her claim is based.

### 2.      Motion to Dismiss for Insufficient Service of Process

As a preliminary matter, the Court notes that Plaintiff's oppositions make several arguments regarding service of process on James Ryan III, in addition to James Ryan III & Associates, LLC and Jeffrey A. Clayman.[115] James Ryan III, however, is not listed in Plaintiff's complaint as a defendant.[116] Therefore, the Court need not consider at this time the propriety of service on an individual who has not been named as a party. Should Plaintiff wish to amend her complaint to add James Ryan III as a defendant, presuming she can allege a cause of action against him, she is hereby granted leave to do so.

With regard to Clayman and James Ryan III & Associates, LLC, Movers appear to concede that James Ryan III & Associates, LLC has now been properly served and, in their reply, do not re-

---

[115] Rec. Docs. 39, 40.

[116] *See* Rec. Doc. 1.

21

urge the Court to dismiss the Complaint against the law firm.[117] However, Movers argue that service on Clayman was insufficient because a petition for damages was merely left with Clayman's secretary at his office, who is not an agent appointed for service of process.[118] In opposition, McCoy alleges that she has requested re-issuance of summons on Clayman, and has hired a process server to effectuate service of process.[119] The Court notes that the record reflects that although McCoy requested re-issuance of the summons,[120] no summons has been returned executed.

According to Plaintiff, Federal Rule of Civil Procedure 4(m) allows for additional time for effectuating service of process when there is good cause.[121] Here, McCoy avers, Movers will suffer no prejudice by the Court extending the time to properly effectuate service of process.[122] McCoy also appears to allege that dismissal of the Complaint would prevent McCoy from refiling before the statute of limitations expires.[123]

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for insufficient service of process.  When service of process is challenged, the party responsible for effecting service bears the burden of establishing its validity.[124] The burden is on the plaintiff to show good cause as

---

[117] *See* Rec. Doc. 49 at p. 2 ("[A]t the time of this pleading, Jeffrey A. Clayman still has not been properly served with Plaintiff's Complaint. Accordingly, as to Jeffrey A. Clayman, Plaintiff's Complaint should be dismissed under Federal Rule [12](e) of Civil Procedure.").

[118] Rec. Doc. 13-2 at p. 8 (citing *Figueras v. Autoridad de Energia Electrica*, 553 F. Supp. 2d 43 (D.P.R. 2007); *Cohen v. City of Miami*, 54 F.R.D. 274 (S.D. Fla. 1972); *West v. Paige*, 835 F. Supp. 20 (D. Me. 1993)).

[119] Rec. Doc. 39 at p. 1.

[120] Rec. Doc. 41.

[121] Rec. Doc. 39 at p. 1.

[122] *Id.* at p. 2.

[123] Rec. Doc. 40 at pp. 3–4.

[124] *Aetna Bus. Credit., Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981).

to why service was not effected timely,[125] and the plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[126] Nonetheless, the Court has discretion under Rule 4(m) to extend the time for service even in the absence of good cause.[127]

Plaintiff does not make any arguments that she had good cause for failing to make timely service, and argues only that extending the time for service would not prejudice Movers.[128] The Fifth Circuit has held that "[w]hat amounts to 'good cause' under any particular set of circumstances is necessarily fact-sensitive."[129] For example, the Fifth Circuit has found a lack of good cause where a plaintiff has been dilatory in seeking service even where the plaintiff properly relied on the U.S. Marshal's Service to effect service and they failed to do so.[130] The Fifth Circuit has also held that "[a] litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure."[131] The Fifth Circuit has also found that a district court did not abuse its discretion in finding that a litigant failed to show good cause for delay in serving process even though the litigant was *pro se*, had made multiple attempts to serve defendants within

---

[125] *McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir. 1993).

[126] *Gartin v. Par Pharm. Cos. Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

[127] *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013); *see also Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008).

[128] Rec. Doc. 40 at p. 4.

[129] *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996).

[130] *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

[131] *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (citations omitted).

the statutory period, and defendants had actual notice of the suit.[132]

This case has been pending since February 9, 2015, and the Court notes that Plaintiff has been represented by counsel since September 1, 2015.[133] Service still does not appear to have been effected upon Clayman. Although Plaintiff has failed to show good cause for her delay in effecting service of process upon Clayman, the Court nonetheless has the discretion to extend the time for service. The Court chooses to exercise its broad discretion in this matter, and herein orders that service must be effected upon Clayman within 21 days of this Order; failure to do so may result in a dismissal of this action.

### IV.  Conclusion

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Movers's "Motion to Dismiss for Failure to State a Claim and/or for Insufficient Service of Process"[134] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** with regard to Plaintiff's claims for negligence and pursuant to Louisiana Code of Civil Procedure article 863.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend her Complaint, within 30 days, to allege with specificity any remaining causes of action against Movers.

---

[132] *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013–14 (5th Cir.1990) (per curiam).

[133] Rec. Doc. 32.

[134] Rec. Doc. 13.

24

**IT IS FURTHER ORDERED** that the motion to dismiss for insufficient service of process is **DENIED AS MOOT** with regard to Defendant James Ryan III & Associates, LLC.

**IT IS FURTHER ORDERED** that service must be effected upon Defendant Jeffrey A. Clayman within 21 days of this Order. Failure to do so may result in a dismissal of all claims against Clayman.

**NEW ORLEANS, LOUISIANA** this  <u>16th</u>  day of December, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

25