## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BRIDGETTE MCCOY**                                    **CIVIL ACTION**

**VERSUS**                                                        **CASE NO. 15-398**

**HOUSING AUTHORITY OF NEW ORLEANS, et al.**     **SECTION: "G"(2)**

### ORDER

Pending before the Court is Defendants Housing Authority of New Orleans Police Department and Officer Silas Phipps, Jr.'s (collectively, "HANO PD Defendants") "Motion for Summary Judgment."[1] Having considered the motion, the memoranda in support and in opposition, the applicable law, and the record, the Court will grant the motion.

### I. Background

#### A.    *Factual Background*

In her complaint, Plaintiff Bridgette McCoy ("McCoy"), originally proceeding *pro se*, alleges that she is a public housing resident living in a housing complex owned by the Housing Authority of New Orleans ("HANO") and managed by private corporation Interstate Realty Management Company ("IRMC").[2] She alleges that she was wrongfully evicted from her residence following her arrest on April 19, 2014 for public intoxication and fighting with another resident.[3] Following McCoy's arrest, IRMC filed a "rule for possession," or eviction proceeding, against

---

[1] Rec. Doc. 76.

[2] Rec. Doc. 1.

[3] *Id.* at 3.

1

McCoy.[4] A Louisiana state trial court initially found that she violated the housing complex's one-strike policy by being involved in a fight on the complex grounds.[5] However, on March 18, 2015, the Louisiana Fourth Circuit Court of Appeal reversed the decision, finding that no proof existed to show that McCoy engaged in the alleged criminal acts, and noting that the criminal charges against McCoy had been dismissed by the New Orleans Municipal Court on June 6, 2014.[6]

**B.      *Procedural Background***

McCoy filed this lawsuit on February 2, 2015.[7] On December 17, 2015, the Court granted in part and denied in part a motion to dismiss filed by Defendants Jeffrey A. Clayman and James Ryan III & Associates, L.L.C.'s, the attorneys who had represented IRMC in the eviction proceedings in state court.[8] After Plaintiff failed to submit an amended complaint, which the Court had granted her leave to do, the Court dismissed with prejudice Defendants Clayman and James Ryan III & Associates.[9]

HANO PD Defendants filed the instant motion for summary judgment on February 29, 2016.[10] McCoy filed an opposition on March 8, 2016.[11] On March 10, 2016, HANO PD Defendants sought leave to file a reply memorandum, which was struck as deficient by the clerk

---

[4] *Id.* at 4.

[5] *Estates New Orleans v. McCoy*, 2014-0933 (La. App. 4 Cir. 3/18/15); 162 So. 3d 1179, 1181.

[6] *Id.* at 1182–83.

[7] Rec. Doc. 1.

[8] Rec. Doc. 51.

[9] Rec. Doc. 58.

[10] Rec. Doc. 76.

[11] Rec. Doc. 85.

of the Court, and later properly filed and granted on March 14, 2016.[12] Also on March 10, 2016, after HANO PD Defendants submitted their deficient motion for leave to file, McCoy filed a motion for leave to file an affidavit that she represented had been inadvertently omitted from the opposition to summary judgment,[13] which the Court granted on March 14, 2016.[14] With leave of Court, on March 15, 2016, McCoy filed a sur-reply to the motion for summary judgment.[15] HANO PD Defendants filed a response to the sur-reply on March 16, 2016.[16]

## II. Parties' Arguments

### A.   HANO PD Defendants' Arguments in Support of Summary Judgment

HANO PD Defendants allege that they are entitled to qualified immunity for arresting McCoy because probable cause existed at the time of her arrest.[17] According to HANO PD Defendants, McCoy was arrested for disturbing the peace by fighting and public intoxication after Officer Silas Phipps, Jr. ("Phipps") determined that she and another resident of The Estates housing complex, where McCoy resided, had engaged in a public, physical altercation while intoxicated.[18] HANO PD Defendants aver that it is significant that McCoy does not deny she was involved in a fight or that she consumed alcohol prior to the incident, and argue that her own testimony contradicts her allegations that Phipps wrongfully arrested McCoy because she was not

---

[12] Rec. Doc. 93.

[13] Rec. Doc. 90.

[14] Rec. Doc. 94.

[15] Rec. Doc. 102.

[16] Rec. Doc. 106.

[17] Rec. Doc. 76-3 at 1.

[18] *Id.* at 2.

the initial aggressor in the fight, he did not perform a DWI test on McCoy, and because he allegedly falsified his police report regarding the incident.[19]

HANO PD Defendants assert that on April 19, 2014, McCoy and fellow resident Demetria Carter ("Carter") attended a gathering following a funeral, or a repass, in The Estates neighborhood, at which both Carter and witness Stafford Brady ("Brady") observed McCoy consume a large quantity of beer and noted that she appeared drunk.[20] HANO PD Defendants claim that McCoy then got into a verbal altercation with several other residents at the repass, and Carter attempted to calm McCoy down.[21] According to HANO PD Defendants, after the repass, McCoy began cursing at Brady while Carter and Brady were sitting on Carter's front porch, and Carter told McCoy to leave Brady alone.[22] HANO PD Defendants aver that McCoy walked away at first, but later approached Carter while she was speaking to a neighbor, and Brady approached to intervene to prevent a fight between McCoy and Carter.[23] HANO PD Defendants contend that McCoy then attempted to punch Carter but missed, and Carter then defended herself by punching McCoy in the face, resulting in a fight that Brady attempted to break up and which drew a large crowd before police arrived on the scene.[24]

According to HANO PD Defendants, Willie Patterson ("Patterson"), a member of the HANO PD, arrived in the 3000 block of Oliver White Ave. ("3000 Block") at the end of the fight,

---

[19] *Id.*

[20] *Id.*

[21] *Id.* at 2–3.

[22] *Id.* at 3.

[23] *Id.*

[24] *Id.*

but the two women separated upon seeing him and Carter retreated to her residence.[25] HANO PD Defendants state that Patterson then called for assistance, and by the time Phipps arrived, the fight had ceased, prompting Phipps to conduct an investigation.[26] HANO PD Defendants argue that Phipps first spoke with Patterson, who told him that he had seen Carter and McCoy "going after each other" and separating once he arrived, at which point Phipps ascertained that a fight had occurred in violation of Municipal Code Ordinance 54-403.[27] According to HANO PD Defendants, Phipps then separately interviewed both McCoy and Carter in an attempt to determine the initial aggressor of the fight, but was unable to do so because both stated that the other had begun the fight, and neither denied being involved in the altercation.[28]

HANO PD Defendants claim that Carter told Phipps that, preceding that evening's fight, the two women had previously argued in the 2900 block of Oliver White Avenue ("2900 Block"), and that McCoy started the fight in the 3000 Block by approaching Carter and attempting to punch her, causing Carter to retaliate by punching McCoy in the face while wearing a ring, which resulted in a cut to McCoy's face.[29] HANO PD Defendants assert that Phipps then interviewed Brady, who supported Carter's version of events, but that when he then interviewed McCoy, she claimed that Carter was the aggressor and approached McCoy from behind while she was bringing her grandchildren home.[30] According to HANO PD Defendants, McCoy claimed that Carter's

---

[25] *Id.* at 4.

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.* at 5.

[30] *Id.*

boyfriend handed her a knife, prompting McCoy to turn around, and that Carter then hit her in the head with a knife, cutting her.[31] HANO PD Defendants aver that Patterson informed Phipps that he did not observe a weapon when the two women separated, and no weapon was discovered.[32]

HANO PD Defendants contend that, during his interview with McCoy, Phipps concluded that McCoy was intoxicated, as she was acting tumultuously, had alcohol on her breath, and spoke with slurred speech.[33] According to HANO PD Defendants, Carter informed Phipps that McCoy was drunk and always caused problems when drunk, and thus based on his observations and the totality of the investigation, Phipps determined that McCoy was probably intoxicated.[34] HANO PD Defendants allege that, because Phipps could not determine who was the initial aggressor in the fight, he issued citations to both McCoy and Carter, and also charged both with public intoxication.[35] HANO PD Defendants aver that the validity of the charges against McCoy and Carter were never decided by a court of law, as on April 21, 2014, Carter pled no contest to the charges, and charges against McCoy were *nolle prosequied* on June 26, 2014.[36]

According to HANO PD Defendants, although the Louisiana Fourth Circuit Court of Appeal eventually overturned the trial court's decision to evict McCoy, after finding insufficient evidence in the record to determine that a criminal act occurred, the Fourth Circuit did not state

---

[31] *Id.* at 5–6.

[32] *Id.* at 6.

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.* at 7.

that McCoy was wrongfully arrested.[37] Furthermore, they note, no opposition brief was filed at the appellate level against McCoy, and no advocate appeared at the Fourth Circuit to support upholding the lower court decision.[38] Thus, HANO PD Defendants aver, because of the "lengthy string of missing evidence and missing advocacy, the record before that court lacked evidence available in this litigation."[39] Here, they claim, it is clear that probable cause existed at the time of the arrest, and McCoy's claims should be dismissed on the basis of qualified immunity.[40]

HANO PD Defendants aver that the usual summary judgment standard is altered once a defense of qualified immunity is raised, which shifts a heavy burden to McCoy to demonstrate the inapplicability of the defense.[41] According to HANO PD, McCoy must satisfy a two-prong test: first, she must show that the defendants committed a Constitutional violation under the law, and second, she must show that their actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of.[42] Furthermore, HANO PD avers, qualified immunity may apply even if probable cause did not exist at the time of the arrest, as an officer may be shielded from liability if his belief that probable cause existed was mistaken, as long as the belief was reasonable.[43] HANO PD Defendants argue that McCoy cannot meet her burden to prove either her § 1983 claim or her claim for false arrest because there was probable

---

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.* at 9 (citing *Club Retro, LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009)).

[42] *Id.* (citing *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005)).

[43] *Id.* at 10–11 (citing *Mangieri v. Clifton*, 29 F.3d 1012, 1017 (5th Cir. 1996)).

cause to arrest McCoy, and therefore she was not deprived of her Constitutional right to be free from unreasonable seizure, nor was she unlawfully detained.[44]

According to HANO PD Defendants, Phipps had probable cause under Municipal Code Ordinance § 54-403[45] because at the time of the arrest, Phipps had the following information available to him: (1) McCoy and Carter engaged in a physical altercation in the 3000 Block; (2) McCoy consumed alcohol at a social gathering prior to the altercation on April 19, 2014; (3) Phipps interviewed Patterson, Carter, McCoy, and Brady as part of his investigation; (4) McCoy identified Carter as the initial aggressor of the fight in the 3000 Block; (5) Carter and Brady both identified McCoy as the initial aggressor in the fight; (6) Carter and McCoy had a previous argument that evening at a social gathering in the 2900 Block; and (7) Phipps could not determine the initial aggressor of the physical altercation in the 3000 Block.[46] Based on these facts, HANO PD Defendants contend, Phipps reasonably believed that a public, physical fight had occurred in violation of Section 54-403, and therefore there was probable cause to arrest McCoy.[47]

HANO PD Defendants argue that Phipps testified consistently with these facts at McCoy's eviction proceeding, and that the appellate court in that case "did not question Officer Phipps' probable cause" and stated that it found him to be credible.[48] HANO PD Defendants assert that McCoy does not contest the information available to Phipps at the time he made his arrest, and

---

[44] *Id.*

[45] Section 54-403 states, in relevant part, that: "[d]isturbing the peace is the intentional performance of any of the following acts: . . . (5) To engage in a fistic encounter." *Id.* at 11–12.

[46] *Id.* at 12.

[47] *Id.* at 13.

[48] *Id.*

that she provided testimony to the trial court that supports the existence of probable cause, including admitting that she was involved in an altercation involving Carter and that she consumed alcohol.[49] According to HANO PD Defendants, McCoy does not dispute what Phipps knew at the time of the arrest, but rather is dissatisfied that he decided to arrest both her and Carter rather than give full deference to her story.[50] In addition, HANO PD Defendants claim, the testimony of Carter, Brady and Patterson was not present in the trial record, but is presented before this Court.[51]

HANO PD Defendants cite *Canady v. Prator*, a Western District of Louisiana case, which they claim concluded that qualified immunity was proper under similar circumstances.[52] Based on the similarities between the cases, HANO PD Defendants argue, this Court should similarly conclude that based on the information available to Phipps at the time of the arrest, he had sufficient probable cause to find a violation of § 54-403.[53]

Next, HANO PD Defendants assert that Phipps also had probable cause to arrest McCoy for violation of Municipal Code § 54-405, which states that "[i]t is unlawful for any person to appear in a public place manifestly under the influence of alcohol, narcotics or other drugs, not therapeutically administered, to the degree that he may endanger himself or other persons or property."[54] According to HANO PD Defendants, Phipps determined that McCoy was intoxicated "from her slurred speech and tumultuous behavior," and he was able to "smell alcoholic beverage

---

[49] *Id.*

[50] *Id.* at 14.

[51] *Id.*

[52] *Id.* (citing No. 13-0923, 2015 WL 507883 (W.D. La. Feb. 6, 2015)).

[53] *Id.* at 15–16.

[54] *Id.* at 16.

on her person."[55] HANO PD Defendants assert that Phipps' interviews of Carter and Brady supported his conclusions, and McCoy also admitted during the eviction proceeding to consuming alcohol prior to the physical altercation.[56] Therefore, HANO PD Defendants aver, McCoy merely disputes her level of intoxication, and although she takes issue with the fact that a field sobriety test was not issued prior to her arrest, probable cause under § 54-405 does not require officers to administer a field sobriety test, as an officer may base probable cause on his reasonable observation and past experience.[57] HANO PD Defendants claim that Phipps' DWI certification allowed him to subjectively determine whether McCoy was intoxicated, which he did based on his observations and information available to him through his numerous interviews at the scene.[58] Moreover, HANO PD Defendants contend that even if Phipps lacked probable cause, it was reasonable for him to arrest McCoy after she admitted to her involvement in a physical altercation, and he was reasonable in determining that her behavior made her arrest for public intoxication proper, particularly in light of the additional evidence now provided by Patterson, Carter and Brady.[59]

Next, HANO PD Defendants aver that the Fourth Circuit's reversal of McCoy's eviction is irrelevant to determine qualified immunity, as the Fourth Circuit did not address whether Phipps had probable cause to arrest McCoy, but rather analyzed whether the evidence presented was sufficient to determine that the one-strike policy was violated.[60] According to HANO PD

---

[55] *Id.* at 16–17.

[56] *Id.* at 17.

[57] *Id.* (citing *State v. Cambrice*, 2004-0827 (La. App. 4 Cir. 9/8/04); 884 So. 2d 628, 632; *State v. Locure*, 2008-1532 (La. App. 4 Cir. 5/27/09), 2009 WL 8688908, at *4; *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995)).

[58] *Id.*

[59] *Id.* at 18.

[60] *Id.* at 18–19.

Defendants, the Fourth Circuit did not have the benefit of testimony from Carter or Brady, as they were not called to testify at the eviction proceeding; however, they claim, information available today supports not only probable cause to arrest McCoy, but also to ultimately convict her had her charges not been abandoned for unknown reasons.[61] Furthermore, HANO PD Defendants assert, no opposition brief was filed and no oral argument was presented in opposition to McCoy's position before the Fourth Circuit, and therefore the Fourth Circuit's discussion of McCoy's arrest does not bear on whether probable cause existed at that time.[62]

HANO PD Defendants also argue that contrary to McCoy's allegations, the police report from her arrest was not falsified in order to help Odeal Skidmore-Davis ("Skidmore-Davis") evict her.[63] According to HANO PD Defendants, this allegation is plainly false, and McCoy admits in her answers to interrogatories that she lacks support for the allegation.[64] HANO PD Defendants allege that they specifically requested all information and documents in discovery relating to McCoy's claim of falsification, but that Plaintiff provided no supporting documentation or information suggesting falsification.[65] Therefore, they claim, although Plaintiff states that she will discover the necessary information to support her allegation through discovery, Plaintiff has no competent summary judgment evidence and will be unable to meet her burden of proof at trial.[66]

Next, HANO PD Defendants argue that they are not liable for abuse of process, because

---

[61] *Id.* at 19.

[62] *Id.*

[63] *Id.*

[64] *Id.*

[65] *Id.* at 20.

[66] *Id.*

the regular use of process does not constitute an abuse of process.[67] Here, they contend, Plaintiff does not allege that HANO PD Defendants conducted any illegal, improper, or irregular use of process, but rather that during a typical arrest, Phipps arrived at the wrong conclusion as to the proper party to arrest.[68] Similarly, HANO PD Defendants argue, they are not liable for malicious prosecution, as probable cause is an absolute defense to such a claim.[69]

HANO PD Defendants also assert that they are not liable for negligence under Article 2315, as McCoy does not contend which actions constituted negligence.[70] Furthermore, HANO PD Defendants argue, "[p]olice officers have the duty of maintaining peace and order, preventing and detecting crime, and enforcing laws."[71] HANO PD Defendants assert that an officer's reasonableness is judged by the totality of the circumstances, and here, the existence of probable cause to arrest McCoy made Phipps' actions reasonable, meaning no breach of a duty occurred.[72] In addition, HANO PD Defendants assert that they are not liable for a violation of 42 U.S.C. § 1437(f)(o)(18), as they did not evict McCoy and do not operate the federal housing program in which she was enrolled, and therefore a police force cannot be held liable for alleged violations of the Federal Fair Housing Act.[73] Finally, HANO PD Defendants assert that any remaining claims

---

[67] *Id.*

[68] *Id.* at 21 (citing *Rombach*, 2015 WL 9464500, at *5).

[69] *Id.* (citing *Brown v. City of Monroe*, 48,674 (La. App. 2 Cir. 2/26/14); 135 So. 3d 792, 796).

[70] *Id.* at 22.

[71] *Id.* (quoting *Courville on Behalf fo Vincent v. City of Lake Charles*, 97-73 (La. App. 3 Cir. 10/28/98); 720 So. 2d 789, 797).

[72] *Id.* (citing *Winn v. City of Alexandria*, 96-492 (La. App. 3 Cir. 11/20/96); 685 So. 2d 281, 288–89).

[73] *Id.* at 23.

are inapplicable as to them, and should be dismissed.[74]

## B.    *Plaintiff's Arguments in Opposition to Summary Judgment*

In opposition, Plaintiff argues that HANO PD Defendants' qualified immunity defense fails because Phipps disregarded protocol, "grossly neglected obvious objectivity," and therefore breached his duty to the public to not act in violation of her constitutional and civil rights.[75] In support, McCoy cites the Louisiana Fourth Circuit Court of Appeal decision in her eviction proceeding, which she asserts "found that the defendant proved NO set of facts or produced no evidence which shows that Ms. McCoy committed ANY criminal act."[76] According to Plaintiff, Phipps relied on "subjective conjecture" in deciding to arrest McCoy, whereas he should have been alerted that McCoy was in fact the victim of a battery perpetrated by Carter and her "paramour," Brady.[77] Plaintiff contends that although Phipps was a competent DWI expert trained and certified in crimes involving intoxication, he elected to deviate from standard procedure.[78] McCoy argues that the "obvious facts" revealed that she was an injured victim "fleeing perpetrators and co-conspirators," but Phipps was "unable to decipher obvious information which should have triggered his professional competence and expertise but instead decided to act on elected personal incompetence in violation of Ms. McCoy's Constitutional Right and Civil Rights, inevitably leading to the false detainment, arrest and incarceration of Bridgette McCoy."[79]

---

[74] *Id.*

[75] Rec. Doc. 85-1 at 2.

[76] *Id.*

[77] *Id.*

[78] *Id.*

[79] *Id.* at 2–3.

Furthermore, McCoy alleges, Phipps falsified the police report to state that Patterson arrived first on the scene and separated the women but did not locate a weapon, when in fact, Carter fled the scene after becoming aware of the officer, then attempted to escape "from an alternate exit while Officer Phipps knocked on the front door."[80] According to McCoy, Carter "was apprehended while attempting to escape," but none of the officers who arrived "found any exigent circumstances, requiring a search of the premises of Demetria Carter who was hiding in her unit despite the fact that the Victim was bleeding from a laceration to her face, which required 16 stitches."[81] Plaintiff also alleges that the police report stipulates that no weapons were located on the scene, despite Carter's admission that she was wearing a ring, which she allegedly forgot about before hitting McCoy.[82] McCoy avers that it is unclear whether any effort was expended to locate any weapon, ring or knife, and that neither Carter nor her "co-conspirator" Brady was charged "with any crime which reflected the severity of the attack."[83] McCoy also urges the Court to take judicial notice of the Municipal Court's nolle prosequi and the Fourth Circuit's ruling stating that there was no evidence that McCoy committed the crimes for which she was "illegally detained, arrested, and evicted from her Public Housing Unit."[84]

McCoy avers that "[f]rom the inception of the events until the arrest, imprisonment and illegal eviction," she has been subject to a conspiracy motivated by Carter and Brady's attempt to

---

[80] *Id.* at 3.

[81] *Id.*

[82] *Id.*

[83] *Id.* at 3–4.

[84] *Id.* at 4.

avoid criminal charges.[85] Furthermore, Plaintiff contends that it is "ironic[]" that Phipps now seeks to rely on Carter's affidavit to establish probable cause because Carter pled guilty in Municipal Court to the offenses filed against her.[86] McCoy argues that she never admitted to being intoxicated or involved in a fight, and instead, while she was attending a repass, Carter insulted and intimidated McCoy, causing her to go back to her unit.[87] According to McCoy, Carter alleges in her affidavit that she was not involved in a verbal altercation with McCoy, whereas Brady acknowledges Carter's involvement.[88] Plaintiff claims that, hours later, McCoy, accompanied by her grandchildren, went searching for her daughter, and was approached by Carter, who instigated an argument with her in continuation of the earlier altercation.[89] According to McCoy, Carter was assisted by Brady, who admits that he physically battered McCoy by grabbing her during a verbal disagreement between the two women, and McCoy again retreated to her unit.[90] Plaintiff avers that, while she was returning home, Carter and Brady followed her, she heard Brady tell Carter to take his knife, and when McCoy turned around, Carter stabbed her in the face with the knife and fled the scene with Brady after spotting HANO PD.[91]

McCoy asserts that Phipps, on the basis of information reported by Patterson and interviews with McCoy and Carter, was unable to decipher the facts surrounding the events but

---

[85] *Id.*

[86] *Id.*

[87] *Id.* at 5.

[88] *Id.*

[89] *Id.*

[90] *Id.*

[91] *Id.*

nevertheless arrested McCoy for violation of New Orleans Municipal Code Ordinances §§ 54-403 and 54-405, despite no evidence to support criminal charges.[92] According to McCoy, she informed the officers about what happened, but they never searched Carter's unit for the knife, nor confiscated the ring that allegedly caused the laceration, and the ring was never tested for DNA.[93] Furthermore, McCoy avers, although multiple residents witnessed the events, Phipps did not take statements from any witnesses, and his sole basis for arresting McCoy was the report of Carter, who later pled guilty to being drunk and disturbing the peace.[94]

McCoy argues that summary judgment is premature because genuine issues of material fact remain, discovery is ongoing, certain depositions have not yet been taken, and Defendants' responses to initial interrogatories or production of documents have not been tendered.[95] She also argues that the *Rooker-Feldman* doctrine, which bars federal courts from reviewing the decisions of state courts on direct appeal, requires this Court to adhere to the findings made by the Fourth Circuit, which found "no evidence supporting probable cause established to support for [sic] arresting Ms. McCoy and that the officer's actions were sub-standard despite his expertise and certifications in arrest involving DWI."[96] McCoy avers that this Court must take judicial notice that there was no evidence that McCoy committed any criminal act, that any reasonable person would have reacted in a manner similar to McCoy after being stabbed in the face, and that the

---

[92] *Id.*

[93] *Id.* at 7.

[94] *Id.*

[95] *Id.* at 6.

[96] *Id.* at 7–8 (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

arrest and eviction proceeding were executed in violation of her civil and constitutional rights.[97]

Next, McCoy avers that neither Phipps nor HANO PD is entitled to qualified immunity because a court has already found that the officer's actions were substandard, and that he should have known that his actions violated her civil rights.[98] Furthermore, McCoy contends, Phipps conspired with IRMC d/b/a The Estates New Orleans to illegally evict McCoy from her public housing unit, despite knowing that doing so would violate her procedural due process rights.[99] Therefore, Plaintiff argues, HANO PD Defendants are liable for abuse of process because they knew or should have known that Phipps' actions "superseded his authority and preempted the authority of the Court to obtain an illegal eviction with total disregard to due process requirements."[100] McCoy avers that both before and on the day of the rule for possession hearing, the defendants knew that charges against McCoy had been dropped, but proceeded to have McCoy evicted with the help of Phipps, who testified consistently with his falsified police report.[101]

In addition, McCoy avers that HANO PD is liable for malicious prosecution because it arrested her in violation of her constitutional rights and collaborated with IRMC to illegally evict her and additionally violate her constitutional rights.[102] Plaintiff claims that the Fourth Circuit determined that there was insufficient evidence to establish probable cause to arrest and incarcerate McCoy, and therefore Phipps' unjustified arrest "despite overwhelming evidence to the contrary,

---

[97] *Id.* at 8.

[98] *Id.* at 9.

[99] *Id.*

[100] *Id.* at 10.

[101] *Id.*

[102] *Id.*

furthered by his persistence in subsequent hearings to reinforce his substandard actions and continue to victimize Ms. McCoy attempting to render her homeless," constitutes malice.[103]

McCoy contends that even if Phipps' actions are found to be negligent rather than intentional, he is still liable for negligence pursuant to Louisiana Civil Code Article 2315, and HANO PD is vicariously liable for the acts of its employee pursuant to Article 2320.[104] Finally, Plaintiff avers that Louisiana Revised Statute 13:4231 provides that a valid and final judgment is conclusive between the parties, except on direct review, in any subsequent action between them, with respect to any issue actually litigated and determined if determination was essential to that judgment.[105] McCoy argues that the Fourth Circuit was required to determine whether McCoy violated the one-strike policy in order to determine if the rule for possession was valid, and found that there was no evidence to affirm that McCoy committed any criminal act and that the arresting officer's actions were substandard despite his expertise in the field.[106] According to Plaintiff, HANO PD Defendants' attempts to categorize McCoy as a criminal, in light of the res judicata principles at issue, constitutes bad faith tactics, and should be sanctioned by this Court.[107]

## C.    *HANO PD Defendants' Arguments in Further Support of Summary Judgment*

In reply, HANO PD Defendants assert that Plaintiff failed to provide any legal argument as to why HANO PD's qualified immunity motion should be denied.[108] According to HANO PD

---

[103] *Id.*

[104] *Id.* at 11.

[105] *Id.*

[106] *Id.*

[107] *Id.*

[108] Rec. Doc. 95 at 1.

Defendants, McCoy cites no jurisprudential or statutory authority for why qualified immunity is inapplicable, but rather repeatedly expresses her view about the arrest, without acknowledging the affidavits by Patterson, Phipps, Carter and Brady, the April 19, 2014 police report, or substantive law exhibiting the existence of probable cause to arrest Plaintiff and the propriety of qualified immunity.[109] Similarly, HANO PD Defendants contend, McCoy provided no legal support for her arguments regarding malicious prosecution, abuse of process, negligence, and conspiracy.[110] Moreover, HANO PD Defendants claim, Plaintiff's complaint does not state a claim for conspiracy, and therefore her claims regarding a conspiracy are not properly before the Court.[111]

HANO PD Defendants also aver that Plaintiff's statement of contested material facts and factual allegations made therein should be disregarded, as they are conclusory and lack factual support.[112] HANO PD Defendants claim that Plaintiff cites no evidence that contravenes their arguments.[113] Furthermore, HANO PD Defendants aver, Plaintiff's statements of material fact are irrelevant to the determination of this motion, with the exception that Plaintiff avers that "Officer Silas Phipps, Jr. had no evidence of Bridgette McCoy being intoxicated."[114] However, HANO PD Defendants argue, the statement lacks factual support and must be disregarded, particularly in light

---

[109] *Id.* at 1–2.

[110] *Id.* at 2.

[111] *Id.* The Court notes that, at the time the reply was filed, Plaintiff had sought leave to amend her complaint in order to allege a conspiracy and add additional parties. Rec. Doc. 73. However, on March 16, 2016, Plaintiff's request was denied. Rec. Doc. 104. Therefore, the operative complaint in this matter is Plaintiff's original complaint. *See* Rec. Doc. 1.

[112] Rec. Doc. 95 at 2.

[113] *Id.*

[114] *Id.* (citing Rec. Doc. 85-2 at 1).

of HANO PD Defendants' overwhelming summary judgment evidence to the contrary.[115]

Next, HANO PD Defendants aver that Plaintiff has misstated the Fourth Circuit's decision, which she claims determined that she was arrested without probable cause in violation of her due process rights.[116] HANO PD Defendants argue that this "broad analysis is a clear misapplication and misinterpretation of the opinion," which solely concluded that insufficient evidence was presented at the rule for possession hearing to determine whether McCoy violated the one strike policy in violation of her lease.[117] According to HANO PD Defendants, the Fourth Circuit did not determine: (1) probable cause; (2) qualified immunity; (3) McCoy's guilt or innocence; and/or (4) that the investigation was substandard.[118] In fact, HANO PD Defendants argue, there was not even a brief or argument presented by the defendant at that appeal, and as such, the Fourth Circuit opinion does not preclude the application of qualified immunity in this case.[119]

In addition, HANO PD Defendants assert that their motion for summary judgment is not premature because the case has been pending for some time, and the written discovery deadline in this matter was March 23, 2016.[120] HANO PD Defendants claim that sufficient discovery has been conducted in this litigation, and furthermore, Plaintiff is required to show why she is unable to present evidence creating a genuine issue of fact and what evidence would be presented after

---

[115] *Id.*

[116] *Id.* at 3.

[117] *Id.*

[118] *Id.*

[119] *Id.*

[120] *Id.*

20

further discovery.[121] According to HANO PD Defendants, Plaintiff cannot "simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts in opposition to summary judgment."[122] HANO PD Defendants assert that Plaintiff has not indicated what, if any, additional information will be presented that will create a genuine issue of fact, and moreover, a hearing on qualified immunity, the subject of this motion, may be conducted prior to any discovery.[123] Finally, HANO PD Defendants argue that preclusion is inapplicable because Plaintiff's claims are not a re-litigation of any issue before the Fourth Circuit, and issue preclusion is additionally inapplicable because HANO PD was not a party to the eviction proceedings.[124] Similarly, HANO PD Defendants allege, the *Rooker-Feldman* doctrine is inapplicable because this Court is not being asked to modify or reverse a state court judgment.[125]

### D.   Plaintiff's Arguments in Further Opposition to Summary Judgment

In her sur-reply, McCoy argues that Phipps violated clearly established law regarding the probable cause needed to make an arrest, as reasonable suspicion is not alone enough to justify an arrest.[126] McCoy contends that, when Phipps alleged that he smelled alcohol, he had reasonable suspicion to justify further investigation to find probable cause of an arrest.[127] However, McCoy claims, Phipps, a certified DWI expert, chose to deviate from the legally imposed standard of

---

[121] *Id.* (citing *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005)).

[122] *Id.* (quoting *Baker*, 430 F.3d at 756).

[123] *Id.* at 4 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

[124] *Id.* (citing *Taylor v. Sturgell*, 554 U.S. 2161, 2172 (2008)).

[125] *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indus., Corp.*, 544 U.S. 280, 284 (2005); *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 381–82 (5th Cir. 2013)).

[126] Rec. Doc. 102 at 3.

[127] *Id.*

conducting a field sobriety test or using a breathalyzer in order to arrest McCoy without probable cause, thereby violating her constitutional rights.[128] Plaintiff further contends that summary judgment is premature because not enough discovery has been completed and the discovery that has been tendered to her has been "extremely deficient," requiring her to file motions to compel.[129]

Next, McCoy argues that she executed a number of verifications, affidavits, and other documents throughout the discovery process, and that during her deposition, after being shown a verification, she was asked about an affidavit that she had executed on March 10, 2016, the day before the deposition.[130] McCoy alleges that she answered questions about the place of execution and time of her affidavit, and under "extreme pressure, humiliation and embarrassment and after several attempts by defendants to twist her answers and elicit responses in their best interest," McCoy did not know that they were referring to an affidavit that had been executed a few days earlier, on March 8, 2016.[131] According to Plaintiff, the defendants also insisted, despite her attorney's objections, that McCoy give depositions to each of the defendants in the case, even though her counsel was only served with a notice of deposition by HANO PD and Phipps.[132] Thus, Plaintiff claims, she was "set up" from the beginning of the deposition, as she was only prepared to be deposed by HANO PD.[133] During the deposition, she claims, the defendants took advantage of her educational level and lack of knowledge by using words she did not know, asking the same

---

[128] *Id.*

[129] *Id.* at 4 (citing *Maki v. Laakko*, 88 F.3d 361 (1996)).

[130] *Id.* at 5.

[131] *Id.*

[132] *Id.*

[133] *Id.*

questions repeatedly, accusing her of using crack cocaine, and inflicting severe emotional distress on her by "making her re-live the tragic events that led up to her son's death despite having knowledge that the death occurred outside the scope of discovery."[134] At that time, Plaintiff avers, the defendants specifically questioned McCoy about an affidavit that she had signed on March 10th with the ulterior motive of creating a circumstance where the defendant could attempt to throw out her affidavit in order to prevail on their motion for summary judgment, "further confirming the antics and deceitful manner in which the deposition was conducted."[135]

### E.   HANO PD Defendants' Response Addressing the Affidavit

In response to Plaintiff's allegations regarding her affidavit, HANO PD Defendants assert that her affidavit was executed after HANO PD filed its motion for leave to file a reply.[136] According to HANO PD Defendants, Plaintiff testified during her March 11, 2016 deposition that her counsel came to her house between 5 and 6 p.m. on March 10, 2016, where she signed the affidavit with only her counsel present.[137] HANO PD Defendants claim that this was just after they filed their motion for leave to file a reply memorandum, with the proposed reply attached.[138] HANO PD Defendants argue that the substance of the reply discussed the lack of competent summary judgment evidence presented by Plaintiff in her opposition, including affidavits.[139] According to HANO PD Defendants, although Plaintiff asserted that the affidavit was

---

[134] *Id.*

[135] *Id.* at 5–6.

[136] Rec. Doc. 106 at 1.

[137] *Id.*

[138] *Id.*

[139] *Id.* at 1–2.

inadvertently omitted from the filing, it is unclear how it could have been omitted when it was not signed until March 10, 2016, two days after her opposition was filed.[140]

Moreover, HANO PD Defendants claim, the affidavit does not create an issue of fact because even if it had been attached to the opposition, it would be insufficient in light of the fact that Plaintiff does not cite to the affidavit in her opposition.[141] According to HANO PD Defendants, a "bare attachment of an exhibit without reference precludes consideration of the exhibit with respect to the summary judgment."[142] In addition, HANO PD Defendants assert, the affidavit consist mainly of self-serving testimony and legal conclusions, is not supported by evidence, and is merely a blanket attempt to counter the probative evidence provided by HANO PD.[143] HANO PD Defendants quote the Fifth Circuit decision in *Karinki v. Tarango*, stating that "[w]ithout more, a vague or conclusory affidavit is insufficient to create a genuine issue of material fact in the face of conflicting probative evidence," and argue that therefore the affidavit does not constitute competent summary judgment evidence that would create a genuine issue of fact.[144] Finally, HANO PD Defendants argue, the affidavit does not consist of material facts relevant to the determination of qualified immunity, as the relevant information is that which was available to Phipps at the time of arrest.[145] According to HANO PD Defendants, Plaintiff's affidavit recites her version of the facts and ignores the other information available from other individuals, and

---

[140] *Id.* at 2.

[141] *Id.*

[142] *Id.* (citing *Chambers v. Sears Roebuck & Co.*, 428 F. App'x 400, 408 (5th Cir. 2011)).

[143] *Id.* at 3.

[144] *Id.* (quoting 709 F.3d 495, 505 (5th Cir. 2013)).

[145] *Id.*

furthermore her deposition testimony is even at odds with her affidavit regarding how much she admits to drinking that night.[146] Therefore, they argue, summary judgment should be granted.[147]

### III. Law and Analysis

#### A.    Legal Standard

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[148] When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[149] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[150] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[151]

On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue

---

[146] *Id.*

[147] *Id.*

[148] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986*); Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[149] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[150] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[151] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

of material fact.[152] Where the non-moving party bears the burden of proof at trial, as here, the party moving for summary judgment may meet its burden by showing the Court that there is an absence of evidence to support the non-moving party's case.[153] Thereafter, if the moving party satisfies its initial burden, the burden shifts to the non-moving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports her claims.[154] In doing so, the non-moving party may not rest upon mere allegations or denials in her pleadings, but rather must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[155] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[156] There is no genuine issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[157]

## B.   *Analysis*

### 1.   **Whether Summary Judgment is Premature**

As an initial matter, McCoy argues that summary judgment is premature because genuine issues of material fact remain, discovery is ongoing, certain depositions have not yet been taken,

---

[152] *Celotex,* 477 U.S. at 323.

[153] *Id.* at 325.

[154] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[155] *Morris*, 144 F.3d at 380 (citing *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992)); *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[156] *Little*, 37 F.3d at 1075.

[157] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

26

and Defendants' responses to initial interrogatories or production of documents have not been tendered.[158] Thus, although she does not explicitly do so, it appears that Plaintiff seeks to invoke the protections of Rule 56(d), which allows the Court to deny a motion for summary judgment or defer ruling until more discovery is completed. Pursuant to Rule 56(d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1)     defer considering the motion or deny it;
>
> (2)     allow time to obtain affidavits or declarations or to take discovery; or
>
> (3)     issue any other appropriate order.

In *Adams v. Travelers Indemnity Co. of Connecticut*, the Fifth Circuit construed Federal Rule of Civil Procedure 56(f), the predecessor to the present-day Rule 56(d),[159] and held that the Rule:

> [A]uthorizes a district court to "order a continuance to permit affidavits to be taken or depositions to be taken or discovery to be had," if the non-movant files affidavits showing that he or she "cannot for reasons stated present by affidavit facts necessary to justify the party's opposition." A non-movant seeking relief under Rule 56(f) must show: (1) why he needs additional discovery and (2) how that discovery will create a genuine issue of material fact. A party "cannot evade summary judgment simply by arguing that additional discovery is needed," and may not "simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts."[160]

Requests for relief pursuant to Rule 56(d) are "generally favored and should be liberally granted."[161] Nonetheless, a "plaintiff's entitlement to discovery before a ruling on a motion for

---

[158] Rec. Doc. 85-1 at 6.

[159] *See* 10B Charles A. Wright, Arthur R. Miller, *et al.*, *Federal Practice & Procedure* § 2740 (3d ed. 2014) ("When Rule 56 was rewritten in 2010, the provisions in Rule 56(f) were moved to a new subdivision (d), without any substantial changes.").

[160] *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006) (citations omitted).

[161] *Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001).

summary judgment is not unlimited and may be cut off when the record shows that the requested discovery will not be likely to produce facts he needs to withstand a summary judgment motion."[162] Indeed, "[i]f it appears that further discovery will not produce evidence creating a genuine issue of material fact, the district court may, in the exercise of its discretion, grant summary judgment."[163] Furthermore, if the plaintiff "has not diligently pursued discovery . . . [she] is not entitled to relief" under the Rule.[164]

Applying these rules here, the Court first notes that Plaintiff did not cite Rule 56(d), and did not comply with the requirement of filing into the record a declaration stating, for specified reasons, that she cannot present facts essential to justify her opposition.[165] Therefore, the Court cannot determine what discovery, if any, Plaintiff seeks to uncover that would create a genuine, disputed issue of material fact. Moreover, in light of the fact that discovery in this matter closed on March 23, 2016, any delay in order to allow for additional discovery would be unwarranted.[166] Although Plaintiff filed numerous motions to compel after the discovery cut-off,[167] the magistrate judge largely denied them, and to the extent they were granted, they did not affect any discovery concerning HANO PD Defendants.[168] The Court is aware that Plaintiff has since lodged objections

---

[162] *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435,1443 (5th Cir. 1993).

[163] *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 305 (5th Cir. 2004).

[164] *Beattie*, 254 F.3d at 606 (declining to consider whether plaintiff has shown why she needs additional discovery to create a genuine issue of fact, because she had not been diligent.).

[165] *See* Fed. R. Civ. P. 56(d).

[166] *See* Rec. Doc. 50 at 4.

[167] Rec. Docs. 113, 114

[168] *See* Rec. Docs. 124, 125, 141.

to the magistrate judge's rulings,[169] but regardless of the Court's rulings on those discovery disputes, Plaintiff has done no more than make "vague assertions that additional discovery will produce needed, but unspecified, facts"—which does not satisfy Rule 56(d).[170] Although the Court continued the trial and pre-trial conference dates in this matter on May 6, 2016, the Court did not extend any deadlines that had already passed by that date, including the deadline for completing discovery.[171]

Plaintiff has had an opportunity to supplement her pleadings with additional discovery since she filed her opposition on March 8, 2016, but has not done so. The complaint in this case was filed on February 9, 2016,[172] and HANO PD Defendants filed the instant motion for summary judgment more than one full year later, on February 29, 2016.[173] Therefore, the Court concludes sufficient discovery has been completed to allow the Court to consider the instant motion at this time.

### 2.    Late-Filed Affidavit

Next, the Court considers the arguments raised by the parties after the Court granted Plaintiff leave, on March 14, 2016, to file an affidavit that she alleged had been inadvertently omitted from her opposition to the motion for summary judgment.[174] After filing her affidavit, McCoy filed a sur-reply alleging that HANO PD Defendants had purposefully confused her at a

---

[169] *See* Rec. Docs. 126, 142.

[170] *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006) (citations omitted).

[171] *See* Rec. Doc. 139.

[172] Rec. Doc. 1.

[173] Rec. Doc. 76.

[174] Rec. Doc. 94.

deposition and coerced her into falsely stating that the affidavit relied upon in Plaintiff's opposition, which shows an execution date of March 8, 2016, was actually signed on March 10, 2016, in order to respond to HANO PD Defendants' reply brief, which noted the lack of evidence to support Plaintiff's opposition to summary judgment.[175] HANO PD Defendants, on the other hand, appear to allege that Plaintiff is lying to the Court by claiming that her affidavit was signed two days earlier than it actually was, and urge the Court not to rely on the affidavit because it was not inadvertently omitted, as claimed by Plaintiff, because it is not cited in any portion of Plaintiff's opposition, and because it is nevertheless insufficient to create a genuine issue of material fact.[176]

The Court notes the serious allegations of impropriety and fraud lodged by both Plaintiff and HANO PD Defendants regarding Plaintiff's affidavit and subsequent deposition testimony. However, no party has moved for any relief from the Court in connection with their allegations, nor has any party requested a hearing to determine whether Defendants' counsel harassed Plaintiff in her deposition, or whether Plaintiff has knowingly misled the Court by misstating the date of her late-filed affidavit. Therefore, because the Court finds below that, even considering the statements contained in Plaintiff's affidavit, there is no genuine, disputed issue of material fact to preclude summary judgment, the Court need not address herein the admissibility of the affidavit or the allegations raised by the parties.

### 3.  Effect of State Court Judgment

Plaintiff in her opposition to summary judgment overwhelmingly relies on the state appellate court decision in *The Estates New Orleans v. McCoy*, in which the Louisiana Fourth

---

[175] Rec. Doc. 102 at 5.

[176] Rec. Doc. 106 at 1–2.

Circuit Court of Appeal found that the trial court was manifestly erroneous in granting the rule for possession against McCoy because there was "no evidence from which a rational trier of fact could construe or find that Ms. McCoy committed a criminal act," and therefore there was no grounds for finding that she violated The Estates' one-strike policy.[177] In urging the Court to rely on the appellate court decision in determining whether to grant the instant motion for summary judgment, Plaintiff relies on three theories, which the Court addresses, in turn, below: (1) judicial notice; (2) the *Rooker-Feldman* doctrine; and (3) preclusion.

### a.      *Judicial Notice*

McCoy urges the Court to take judicial notice of the Municipal Court's *nolle prosequi* and the Fourth Circuit's ruling stating that there was no evidence that McCoy committed the crimes for which she was "illegally detained, arrested, and evicted from her Public Housing Unit."[178] She also states that this Court must take judicial notice that there was no evidence that McCoy committed any criminal act, that any reasonable person would have reacted in a manner similar to McCoy after being stabbed in the face, and that the arrest and rule for possession/eviction proceeding was executed in violation of her civil and constitutional rights.[179]

Setting aside the fact that McCoy overstates the conclusions of the state appellate court,[180] the doctrine of judicial notice does not apply to findings of fact made by other courts. Pursuant to

---

[177] 2014-0933 (La. App. 4 Cir. 3/18/15); 162 So. 3d 1179, 1183.

[178] Rec. Doc. 85-1 at 4.

[179] *Id.* at 8.

[180] For example, the Fourth Circuit did not state that McCoy had been stabbed in the face, but only that she sustained "a laceration above her eye," and that "[o]f course" McCoy was "very upset at the time," as she "had just been attacked and sustained an injury significant enough to be sent to the hospital for treatment." *See McCoy*, 162 So. 3d at 1181–82.

Federal Rule of Evidence 201, the Court may judicially notice a fact that is not subject to reasonable dispute either on its own, or if a party requests it and the court is supplied with the necessary information.[181] The Fifth Circuit has explained that although courts may take judicial notice of documents filed in other courts to establish the fact of such litigation and related filings, courts generally cannot take notice of facts asserted in those pleadings or orders as they "are usually disputed and almost always disputable."[182] Therefore, the Court may take judicial notice of the fact that charges against McCoy were dropped pursuant to a *nolle prosequi*, and it may take judicial notice of the existence of state court proceedings regarding the rule for possession filed against McCoy, but it may not take notice of the facts asserted in the Fourth Circuit's decision.

### b.    Rooker-Feldman *Doctrine*

Next, Plaintiff argues that the *Rooker-Feldman* doctrine, which bars federal courts from reviewing the decisions of state courts on direct appeal, requires this Court to adhere to the findings made by the Fourth Circuit, which found "no evidence supporting probable cause established to support for [sic] arresting Ms. McCoy and that the officer's actions were sub-standard despite his expertise and certifications in arrest involving DWI."[183] HANO PD Defendants, on the other hand, respond that the *Rooker-Feldman* doctrine is inapplicable because this Court is not being asked to modify or reverse a state court judgment.[184]

The *Rooker-Feldman* doctrine denies federal courts subject matter jurisdiction to review

---

[181] Fed. R. Evid. 201(b)-(c).

[182] *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007).

[183] Rec. Doc. 85-1 at 7–8 (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

[184] Rec. Doc. 95 at 4 (citing *Exxon Mobil Corp. v. Saudi Basic Indus., Corp.*, 544 U.S. 280, 284 (2005); *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 381–82 (5th Cir. 2013)).

or modify the final decisions of state courts unless there is a federal statute that specifically permits such a review.[185] The doctrine prevents federal courts from entertaining "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments."[186] Here, HANO PD Defendants are correct that the doctrine is inapplicable, as no party has asked the Court to overturn the Fourth Circuit's decision that McCoy could not be evicted because there was insufficient evidence that she had violated the one-strike policy. Here, McCoy seeks to use the state court judgment in her favor as evidence that HANO PD Defendants violated her constitutional rights by arresting her for fighting and for public intoxication. HANO PD Defendants' motion for summary judgment on the basis of qualified immunity does not require this Court, even if it finds in HANO PD Defendants' favor, to review of modify any final decision of a state court, and therefore the *Rooker-Feldman* doctrine is inapplicable.

### c.    Preclusion

Finally, McCoy pleads in just one paragraph that Louisiana Revised Statute § 13:4231, regarding "Res Judicata," bars HANO PD Defendants' arguments regarding qualified immunity.[187] It appears that Plaintiff is relying specifically on § 13:4231(3), dealing with issue preclusion rather than claim preclusion, as she specifically cites the language that preclusion will attach "with respect to any issue actually litigated and determined if determination was essential

---

[185] *Union Planters Bank Nat'l Ass'n*, 369 F.3d 457, 462 (5th Cir. 2004).

[186] *Exxon*, 544 U.S. at 284.

[187] Rec. Doc. 85-1 at 11.

33

to that judgment."[188] Therefore, the Court need only address whether any of HANO PD Defendants' arguments in support of summary judgment are precluded by the Fourth Circuit's opinion in *Estates New Orleans v. McCoy.*

Both parties assume that Louisiana's state law regarding preclusion governs whether this Court must give the same preclusive effect to the Louisiana state court's judgment as a Louisiana court would give to its own judgment. According to the leading civil procedure treatise, "the general rule is clearly stated: a state-court judgment commands the same res judicata effects in federal court that it would have in the court that entered it."[189] Furthermore, for the most part, "federal civil rights actions are governed by the same full-faith-and-credit requirements as other federal actions. The preclusion rules of the state that entered the judgment control."[190] The Fifth Circuit has similarly held that a federal district court must give the same preclusive effect to a Louisiana state court judgment as would a Louisiana court.[191] Therefore, the Court relies on Louisiana Revised Statute § 13:4231(3), which states that "[a] judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment."

Plaintiff argues that issue preclusion should attach in this matter because the Fourth Circuit was required to determine whether McCoy violated the one-strike policy in order to determine whether the Rule for Possession was valid. However, Plaintiff does not even address the first

---

[188] *Id.*

[189] 18B Charles Alan Wright et al., *Federal Practice and Procedure* § 4469 (2d ed. 2016).

[190] *Id.* § 4471.

[191] *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 436 (5th Cir. 2000).

34

requirement of the Louisiana issue preclusion statute: namely, that "a previous judgment can only preclude an issue against a party that actually participated in the litigation."[192] "Under Louisiana law, identity of the parties does not mean that the parties must be the same physical or material parties, but they must appear in the suit in the same quality or capacity."[193] Here, although it is clear that McCoy actually participated in the underlying state court proceedings, there is no allegation that either Phipps or HANO PD Defendants were a party to the state court proceedings. Furthermore, this Court cannot conclude that HANO PD Defendants appear in this suit "in the same quality or capacity" as did the Estates New Orleans in the underlying litigation. Although McCoy alleges a conspiracy between all relevant parties aimed solely at evicting her from her long-time home, she presents no evidence from which this Court may conclude that HANO PD Defendants actually participated (as parties) in the state court litigation, except insofar as Phipps served as a witness.

Having found that the first requirement of issue preclusion, namely identity of the parties, has not been met, the Court need not consider whether the issues presented in this litigation were actually litigated or essential to the judgment in the state court litigation. The Court concludes that, because a Louisiana court would not allow issue preclusion to attach in subsequent litigation between McCoy and HANO PD Defendants regarding any of the issues litigated in *Estates New Orleans v. McCoy*, this Court need not rely on any of the factual determinations or resolution of any issues contained in the Fourth Circuit judgment in McCoy's rule for possession dispute.

---

[192] *Khammash v. Clark*, 2013-1564 (La. 5/7/14); 145 So. 3d 246, 257, *reh'g denied* (July 1, 2014).

[193] *St. Paul Mercury Ins. Co.*, 224 F.3d at 437.

### 4. Section 1983 Claims

To plead a § 1983 claim, McCoy is required to allege facts demonstrating that: (1) the defendants violated the Constitution or federal law; and (2) that the defendant were acting under the color of state law while doing so.[194] McCoy claims that HANO PD Defendants violated her constitutional rights by arresting her without probable cause for allegedly violating New Orleans Municipal Code Ordinances §§ 54-503 and 54-505.[195] As a defense to Plaintiff's federal claims, HANO PD Defendants invoke the doctrine of qualified immunity on the basis that Phipps had probable cause to arrest Plaintiff, and, even if he did not, his actions were reasonable.[196]

#### a. Legal Standard for Qualified Immunity

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[197] Qualified immunity is an "immunity from suit rather than a mere defense to liability."[198] Once a defendant invokes the defense of qualified immunity, the plaintiff carries the burden of demonstrating its inapplicability.[199]

In *Saucier v. Katz*, the Supreme Court set forth a two-part framework for analyzing whether a defendant was entitled to qualified immunity.[200] Part one asks the following question: "Taken in

---

[194] *See Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252–53 (5th Cir. 2005).

[195] Rec. Doc. 85-1 at 5.

[196] Rec. Doc. 76-3 at 18.

[197] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[198] *Pearson v. Callahan*, 555 U.S. 223, 237 (2009).

[199] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).

[200] 533 U.S. 194 (2001).

the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"[201] Part two inquires into whether the allegedly violated right is "clearly established" in that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."[202] The Court does not have to address these two questions sequentially; it can proceed with either inquiry first.[203]

"Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law, and courts will not deny immunity unless existing precedent placed the statutory or constitutional question beyond debate."[204] "Unless all reasonable officers in the defendants' circumstance would have known that the conduct in question violated the constitution, the defendant is entitled to qualified immunity."[205]

### b.    Analysis

To establish that HANO PD Defendants violated McCoy's constitutional rights by arresting her without a warrant in April 2014, McCoy must show that: (1) Phipps violated a constitutional right; and (2) his actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of. With respect to the first prong of the qualified-immunity analysis, whether Phipps committed a constitutional violation, "[t]he

---

[201] *Id.* at 201.

[202] *Id.* at 202.

[203] *See Pearson*, 555 U.S. at 236 ("On reconsidering the procedure required in *Saucier*, we conclude that, while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory."); *see also Cutler v. Stephen F. Austin State Univ.*, 767 F.3d 462, 469 (5th Cir. 2014).

[204] *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

[205] *Batiste v. Theriot*, 458 F. App'x 351, 354 (5th Cir. 2012).

constitutional claim of false arrest requires a showing of no probable cause."[206] "If there was probable cause for any of the charges made . . . then the arrest was supported by probable cause, and the claim for false arrest fails."[207] Therefore, if this Court concludes that Phipps had probable cause to arrest McCoy on either the charge of disturbing the peace by fighting *or* public intoxication, then the Court must conclude that the arrest was not improper, even if Phipps lacked probable cause to arrest for the other charge.

The Supreme Court has defined probable cause as the "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."[208] "The police officer's knowledge must establish that there was a fair probability that a crime occurred."[209] "[T]he requisite fair probability is something more than a bare suspicion, but need not reach the fifty percent mark."[210] When considering what a reasonable person would have concluded, the Court should take into account the expertise and experience of the law enforcement officials.[211] Furthermore, "evidence that the arrestee was innocent of the crime is not necessarily dispositive of whether the officer had probable cause to conduct the arrest because 'probable cause requires only a probability or substantial chance of criminal activity, not

---

[206] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009).

[207] *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995).

[208] *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979).

[209] *United States v. Nunez–Sanchez*, 478 F.3d 663, 666–67 (5th Cir. 2007).

[210] *United States v. Garcia,* 179 F.3d 265, 269 (5th Cir. 1999) (internal quotation marks omitted).

[211] *Id.* at 268.

an actual showing of such activity.'"[212]

With respect to the second prong, whether Phipps' actions were objectively unreasonable in light of clearly established law, the Fourth Amendment right to be free from an arrest without probable cause is clearly established.[213] However, pursuant to the second prong, "even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity."[214] Accordingly, "as applied to a warrantless arrest, officers are entitled to qualified immunity unless there was not probable cause for the arrest *and* a reasonable officer in their position could not have concluded that there was probable cause for the arrest."[215] Plaintiff "must clear a significant hurdle to defeat qualified immunity."[216] "There must not even arguably be probable cause for the . . . arrest for immunity to be lost."[217]

Here, McCoy, along with Carter, was arrested for disturbing the peace by fighting under New Orleans Municipal Code § 54-403 and public intoxication under § 54-405.[218] Because the Court need only find that HANO PD Defendants had probable cause to arrest on the basis of either ordinance, and not both, the Court begins by examining § 54-403. Section 54-503 states, in relevant part:

> (a)    Whoever commits the act of disturbing the peace shall be guilty of a
>          misdemeanor . . .

---

[212] *Deville v. Marcantel*, 567 F.3d 156, 165 (5th Cir. 2009) (quoting *Illinois v. Gates*, 462 U.S. 213, 244 n.13 (1983)).

[213] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 206 (5th Cir. 2009).

[214] *Id.* at 204.

[215] *Cooper v. City of La Porte Police Dep't*, 608 F. App'x 195, 198 (5th Cir. 2015) (emphasis added).

[216] *Brown v. Lyford*, 243 F.3d 185, 190 (5th Cir. 2001).

[217] *Id.* (internal quotation marks omitted).

[218] Rec. Doc. 76-4 at 1.

(b)     Disturbing the peace is the intentional performance of any of the following acts: . . .

(5)     To engage in a fistic encounter.

(6)     To act in a violent or tumultuous manner toward another whereby any person is placed in fear of safety of his life, limb or health.

Even on a motion for summary judgment, once a defendant pleads the defense of qualified immunity, Plaintiff, not HANO PD Defendants, bears the burden of proving that HANO PD Defendants are not entitled to invoke the defense.[219] "The plaintiff bears the burden of negating the defense and cannot rest on conclusory allegations and assertions but must demonstrate genuine issues of material fact regarding the reasonableness of the officer's conduct."[220] Here, the only evidence cited by Plaintiff in support of her claim that HANO PD Defendants violated clearly established federal law are: (1) the Louisiana Fourth Circuit's decision in *Estates New Orleans v. McCoy*,[221] which this Court has already concluded does not govern the Court's determinations in this proceeding; (2) the affidavit of Demetria Carter, who states that "I told the officer who interviewed me that Ms. McCoy started the altercation, threw the first punch, was scratched by my ring, and was drunk;"[222] (3) the affidavit of Stafford Brady, who states that McCoy swung at Carter who "hit her back," and that he told the police the same information when questioned within a few

---

[219] *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005) ("[T]he usual summary judgment burden of proof is altered in the case of a qualified immunity defense.") (citing *Bazan v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001)).

[220] *Id.*

[221] 2014-0933 (La. App. 4 Cir. 3/18/15); 162 So. 3d 1179.

[222] Rec. Doc. 85-1 at 4 (citing Aff. of Demetria Carter, Rec. Doc. 76-7 at 2).

minutes of the fight;[223] (4) the affidavit of Silas Phipps, Jr., who asserts, in addition to other observations regarding his investigation, that Carter and McCoy both stated that the other had been the initial aggressor in their altercation;[224] (5) the affidavit of Willie Patterson, who states that he arrived on the scene during an altercation between McCoy and Carter and that he informed Phipps, when he arrived, that the two had been "at each other" but separated upon seeing Patterson arrive;[225] and (6) records indicating that Carter pled no contest to the charges against her, and that the charges against McCoy were dropped.[226] Elsewhere in her opposition, McCoy also cites Phipps' police report, which states, among other things, that Phipps received conflicting information regarding who instigated the fight, that he could not locate any independent witnesses, and that based on his observations and the statements he received, he elected to arrest both parties for fighting;[227] she also cites the transcript from the rule for possession hearing.[228] She also later attached the disputed affidavit, which HANO PD Defendants correctly note is not cited in her opposition, stating, in relevant part, that "[a]ffiant did not engage in any fight."[229]

Almost all of the evidence cited by McCoy—namely the affidavits of Carter, Brady,

---

[223] *Id.* (citing Aff. of Stafford Brady, Rec. Doc. 76-8 at 2).

[224] *Id.* (citing Aff. of Silas Phipps, Jr., Rec. Doc. 76-9 at 2).

[225] *Id.* (citing Aff. of Willie Patterson, Rec. Doc. 76-10 at 1–2).

[226] *Id.* (citing Rec. Doc. 85-10).

[227] *Id.* (citing Rec. Doc. 76-4). Although Plaintiff alleges that Phipps falsified his police report and that the Court therefore should not rely on it as evidence on summary judgment, McCoy provides no evidence whatsoever from which the Court can ascertain that the police report was falsified, even after making all reasonable inferences in favor of the non-moving party. Therefore, the Court herein considers Phipps' police report to be competent summary judgment evidence.

[228] *Id.* at 10 (citing Rec. Doc. 85-9).

[229] Rec. Doc. 85-11 at 1.

Phipps, and Patterson, as well as the police report—affirm HANO PD Defendants' contention that Phipps faced conflicting testimony regarding who instigated the fight when he arrived on the scene, and therefore chose to arrest both McCoy and Carter for both disturbing the peace and public intoxication. The only evidence that may contradict HANO PD Defendants' assertions are the Fourth Circuit decision, which does not bind this Court, and McCoy's affidavit, which states that she simply did not engage in any fight whatsoever. However, as noted by HANO PD Defendants, this Court need not consider any exhibit that is attached to a motion or opposition but is not referenced by the party in its memorandum.[230] Furthermore, "[a] party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary."[231] Here, HANO PD Defendants cite extensive evidence, including McCoy's own admission before the trial court, albeit begrudging, showing that she did in fact engage in a fight.[232] Therefore, regardless of how either party should wish to categorize the altercation, the Court need not conclude that there is a genuine, disputed issue of material fact regarding whether a fight took place solely based on McCoy's affidavit to the contrary.

Even if the Court were to consider the Fourth Circuit's decision regarding the facts at issue in this dispute, the Court notes that, in its opinion, the Fourth Circuit stated that "Officer Phipps agreed that no evidence exists showing that Ms. McCoy was the instigator of the altercation."[233]

---

[230] *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court.").

[231] *Chambers v. Sears Roebuck & Co.*, 428 F. App'x 400, 408 (5th Cir. 2011) (citing *In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000)).

[232] *See* Rec. Doc. 76-6 at 14 ("Q. So to answer the question, you were involved in a fight on April 19, 2014? A. Well, I guess.").

[233] *Estates New Orleans v. McCoy*, 2014-0933 (La. App. 4 Cir. 3/18/15); 162 So. 3d 1179, 1182.

Here, however, HANO PD Defendants have presented evidence that, *at the time of arrest*, Phipps had obtained evidence in the form of various statements suggesting that McCoy in fact did instigate the fight. For example, both Carter and Brady state in their affidavits that they told Phipps when he arrived shortly after the fight that McCoy was the instigator.[234] Phipps also, as acknowledged by HANO PD Defendants, faced evidence that Carter, not McCoy, was the instigator.[235]

A police officer faced with conflicting facts and eyewitness testimony does not necessarily lack probable cause for arrest simply because one party insists that her version of the facts is correct—even if that party claims at the time that she acted in self-defense. The Fifth Circuit has expressly declined to address whether evidence of an affirmative defense such as self-defense is relevant to a determination of probable cause.[236] However, "[d]istrict courts within the Fifth Circuit, as well as other Circuits that have considered this issue have held that an affirmative defense is relevant to the probable cause inquiry, but that an official is under no duty to investigate a plaintiff's claimed defense."[237] In other words, "[a] police officer may not ignore conclusively established evidence of the existence of an affirmative defense, but the officer has no duty to investigate the validity of any defense."[238] Here, where Plaintiff provides no evidence from which

---

[234] *See* Aff. of Demetria Carter, Rec. Doc. 76-7 at 2; Aff. of Stafford Brady, Rec. Doc. 76-8 at 2.

[235] *See* Police Report, Rec. Doc. 76-4 at 4 (stating that McCoy informed Phipps that Carter was given a knife by her boyfriend and then hit her in the eye); Aff. of Silas Phipps, Jr., Rec. Doc. 76-9 at 2 (stating that McCoy informed him that Carter had instigated the fight).

[236] *See Piazza v. Mayne*, 217 F.3d 239, 246–47 (5th Cir.2000); *see also United States v. Craig*, 381 F. App'x 459, 461 (5th Cir. 2010) ("The parties disagree as to whether an arresting officer making a probable cause determination must consider facts establishing an affirmative defense. We need not resolve this dispute.").

[237] *Mabry v. Lee Cty.*, 100 F. Supp. 3d 568, 573–74 (N.D. Miss. 2015) (citing *Dressner v. Crowe*, 2013 WL 5236658, at *3 (E.D. La. Sept. 16, 2013), *appeal dismissed*, 564 F. App'x 86, 87 (5th Cir.2014); *Thomas v. City of Galveston, Tex.*, 800 F. Supp. 2d 826, 835 (S.D. Tex.2011) (collecting cases)).

[238] *Thomas*, 800 F. Supp. 2d at 835 (quoting *Hodgkins ex rel. Hodgkins v. Peterson*, 355 F.3d 1048, 1061 (7th Cir. 2004)).

the Court can ascertain that Phipps faced "conclusively established evidence" that McCoy had an affirmative defense, the Court declines to find that he lacked probable cause for arrest solely based on McCoy's uncorroborated testimony that she did not instigate the fight and was solely attempting to shield herself from an attack.

The lack of independent witnesses and conflicting testimony regarding the origin of the fight between McCoy and Carter presented Phipps with an admitted difficulty in determining who was the primary aggressor.[239] However, in *Cooper v. City of La Porte Police Department*, the Fifth Circuit held that, where the plaintiff, as here, disputed the accounts given by the eyewitnesses, but did not dispute that they gave these accounts to the police at the scene of the alleged crime, the police officer could be found to have had probable cause at the time of arrest.[240] There, the Court stated that "[i]t is immaterial to the probable cause determination whether [the plaintiff] *actually* [committed a crime]. The determinative issue is whether 'the totality of facts and circumstances *within [Defendant's] knowledge at the moment of arrest* are sufficient' to establish probable cause."[241]

Similarly, in *Canady v. Prator*, a recent Western District of Louisiana case relied upon by HANO PD Defendants, the district court concluded that an arresting officer had probable cause to arrest two individuals engaged in a heated argument under an analogous state statute, Louisiana Revised Statute § 14:103(A)(2), which prohibits disturbing the peace by addressing offensive, derisive, or annoying words to a person lawfully in any street, or making any noise or exclamation

---

[239] *See* Rec. Doc. 76-4 at 4.

[240] 608 F. App'x 195, 200 (5th Cir. 2015).

[241] *Id.* (quoting *United States v. Nunez–Sanchez*, 478 F.3d 663, 666 (5th Cir. 2007)).

in a person's presence and hearing with the intent to deride, offend, or annoy him.[242] In *Canady*, a neighbor had called 911 to report an altercation between two individuals, Ronnie Goodman and the plaintiff, Carolyn Canady.[243] The neighbor confirmed upon the arresting officers' arrival that she had heard fighting and screaming.[244] The officers interviewed the neighbor, Canady, Goodman, and a fourth, unidentified witness.[245] Although the neighbor stated in her interview that Goodman, and not the plaintiff, appeared to be the primary source of the disturbance, and stated that Canady had done nothing to alarm her, the officers decided that they had probable cause to arrest both Canady and Goodman for disturbing the peace.[246] The Court concluded that the officers had probable cause that the plaintiff had made a "noise or exclamation" in the presence of Goodman with the intent to "deride, offend, or annoy him" on the basis of the neighbor's call stating that the two were "fighting and arguing," despite the neighbor's later statement that Canady had not been screaming or disturbing the peace.[247]

This Court is persuaded by the analysis in *Canady*. Here, Phipps was informed by Patterson that he had witnessed both McCoy and Carter "going after each other" when he arrived on the scene,[248] and both Carter and Brady stated during Phipps' investigation that McCoy was the initial

---

[242] No. 13-0923, 2015 WL 507883, at *5 (W.D. La. Feb. 6, 2015) (James, J.).

[243] *Id.* at *1–2.

[244] *Id.* at *6.

[245] *Id.* at *2.

[246] *Id.*

[247] *Id.* at *6.

[248] Rec. Doc. 76-10 at 2.

aggressor.[249] The Court notes that there is evidence in the record to suggest that Carter and Brady were not credible witnesses at the time of arrest. For example, Phipps' police report states that, when he knocked on the front door of Carter's residence, prior to interviewing her, she "attempted to flee out the rear door and was apprehended by [another officer]."[250] Phipps also knew that Brady resided with Carter and was either her "husband" or her "boyfriend."[251] However, Phipps also relied upon Patterson's observations from when he arrived on the scene and saw "two females . . . fighting in the street," had been told by McCoy, Carter, and Brady that an earlier fight had taken place in the 2900 Block, and believed that both McCoy and Carter were "obviously intoxicated."[252]

Based on the totality of the circumstances, the Court concludes that Phipps had probable cause to arrest McCoy for violation of New Orleans Municipal Code § 54-403, which bars intentionally engaging in a fistic encounter, or acting in a violent or tumultuous manner toward another whereby any person is placed in fear of safety of her life, limb, or health. In the alternative, the Court concludes that a reasonable officer in Phipps' position could have concluded that there was probable cause for arrest, and therefore HANO PD Defendants are entitled to qualified immunity.[253] Here, there is at the very least "arguably . . . probable cause," which is sufficient to trigger HANO PD Defendants' qualified immunity defense, therefore barring Plaintiff's claims pursuant to Section 1983.[254] Furthermore, having found that Phipps had probable cause to arrest

---

[249] Police Report, Rec. Doc. 76-4 at 4.

[250] *Id.*

[251] *Id.*

[252] *Id.*

[253] *Cooper v. City of La Porte Police Dep't*, 608 F. App'x 195, 198 (5th Cir. 2015) (emphasis added).

[254] *Id.* (internal quotation marks omitted).

McCoy for violation of § 54-403, and in the alternative is entitled to qualified immunity based on his reasonable belief that he had probable cause, the Court need not consider whether Phipps also had probable cause to arrest McCoy for violating § 54-405 governing public intoxication.

As a final matter, the Court acknowledges Plaintiff's numerous arguments disputing the facts as stated by HANO PD Defendants. However, to the extent that McCoy relies on broad allegations regarding what she believes happened on the night of April 19, 2014, such allegations are insufficient to defeat summary judgment, as the non-moving party may not rest upon mere allegations or denials in her pleadings, but rather must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[255] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[256] Furthermore, although McCoy relies upon the fact that Carter ultimately pleaded no contest to the charges against her, whereas the charges against McCoy were dismissed, "subsequent events are irrelevant to the court's determination of probable cause, which must confine its analysis to the officers' knowledge at the time of the challenged conduct."[257] As such, the Court concludes that Plaintiff has failed to present

---

[255] *Morris*, 144 F.3d at 380 (citing *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992)); *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[256] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)

[257] *Burkes v. Waggoner*, No. 06-142, 2008 WL 695254, at *6 (S.D. Miss. Mar. 12, 2008), *aff'd*, 301 F. App'x 390 (5th Cir. 2008); *see also Hightower v. Schaubhut*, No. 89-3243, 1990 WL 58129, at *2 (E.D. La. Apr. 26, 1990) ("Events subsequent to the arrest are irrelevant to determine whether probable cause existed at the time of the arrest, and the actual guilt or innocence of a plaintiff is neither dispositive nor relevant to the ultimate issue in a claim based on section 1983—whether the officers believed they had probable cause to arrest the plaintiff.") (citing *Hannah v. City of Overland*, 795 F.2d 1385, 1390 (8th Cir. 1986); *Baker v. McCollan*, 443 U.S. 137, 145 (1979); *Simmons v. McElveen*, 846 F.2d 337, 339 (5th Cir. 1988); *Clay v. Conlee*, 815 F.2d 1164, 1167 (8th Cir. 1987)).

sufficient evidence to override HANO PD Defendants' defense of qualified immunity.

**5.      State Law Claims**

In addition to asserting a qualified immunity defense to Plaintiff's Section 1983 claims, HANO PD Defendants seek to dismiss McCoy's remaining state claims on various grounds. The Court addresses each of McCoy's remaining claims, in turn, below.

*a.      Abuse of Process*

McCoy avers that HANO PD Defendants are liable for abuse of process because they knew or should have known that Phipps' actions "superseded his authority and preempted the authority of the Court to obtain an illegal eviction with total disregard to due process requirements."[258] According to McCoy, both before and on the day of the hearing on the rule for possession, the defendants knew that charges against McCoy had been dropped, but proceeded to have McCoy evicted from her public housing unit with the collaboration of Phipps, who testified consistently with his falsified police report.[259] HANO PD Defendants, on the other hand, aver that the regular use of process does not constitute an abuse of process, and here, Plaintiff simply alleges that during a typical arrest, Phipps arrived at the wrong conclusion as to the proper party to arrest.[260]

In order to prove an abuse of process claim, a plaintiff must prove: "(1) the existence of an ulterior purpose; and (2) a willful act in the use of the process not proper in the regular prosecution of the proceeding."[261] Here, although Plaintiff makes numerous general allegations

---

[258] Rec. Doc. 85-1 at 10.

[259] *Id.*

[260] Rec. Doc. 76-3 at 21.

[261] *Waguespack, Seago and Carmichael v. Lincoln*, 1999-2016 (La. App. 1 Cir. 9/22/00); 768 So. 2d 287, 290–91.

48

that HANO PD Defendants conspired with others solely to evict McCoy from her unit, McCoy presents no evidence from which this Court may infer that HANO PD Defendants had an ulterior purpose or in any way conspired to evict McCoy. Plaintiff does not aver that HANO PD Defendants were a party in the rule for possession proceedings; instead, the evidence undisputedly shows only that Phipps was a witness called to testify regarding his arrest of McCoy. Even if McCoy were able to prove that HANO or any other party is liable for abuse of process for seeking to evict her even after the criminal charges against her were dropped, McCoy does not substantiate any allegation that Phipps arrested McCoy or testified before the state trial court because of an ulterior motive to coordinate with HANO or any other party in order to evict McCoy. As such, McCoy's abuse of process claim against HANO PD Defendants fails.

### b. Malicious Prosecution

In order to prove a claim for malicious prosecution, a plaintiff must show: "(1) the commencement or continuance of an original criminal or civil proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff."[262] Although the plaintiff ordinarily bears the burden of proof on all the elements of a malicious prosecution claim, there is a presumption of malice and a lack of probable cause in cases where the prosecuting officer has dismissed the charges.[263] In those cases, the burden shifts to the defendant to show that she

---

[262] *Lemoine v. Wolfe*, 2014-1546 (La. 3/17/15); 168 So. 3d 362, 367 (quoting *Jones v. Soileau*, 448 So. 2d 1268, 1271 (La. 1984)).

[263] *Hope v. City of Shreveport*, 37,759 (La. App. 2 Cir. 12/17/03); 862 So. 2d 1139, 1143; *see also Keppard v. AFC Enters., Inc.*, 2000-2474 (La. App. 4 Cir. 11/28/01); 802 So. 2d 959, 965.

49

acted on probable cause and without malice.[264]

Here, the Court has already concluded that HANO PD Defendants have met their burden of showing that they had probable cause to arrest McCoy. Therefore, Plaintiff cannot meet her burden of proof at trial to show that there was a lack of probable cause for her prosecution, nor that HANO PD Defendants acted with malice. As such, her claim for malicious prosecution must be dismissed.

### c.  *Negligence*

McCoy contends that even if Phipps' actions are found to be negligent rather than intentional, he is still liable for negligence pursuant to Louisiana Civil Code Article 2315, and HANO PD is vicariously liable for the acts of its employee pursuant to Article 2320.[265] HANO PD Defendants, however, argue that they are not liable for negligence, as "[p]olice officers have the duty of maintaining peace and order, preventing and detecting crime, and enforcing laws."[266] HANO PD Defendants assert that an officer's reasonableness is judged by the totality of the circumstances, and here, the existence of probable cause to arrest McCoy made Phipps' actions reasonable, meaning no breach of a duty occurred.[267]

McCoy's negligence claim is subject to Louisiana's "duty/risk analysis, which entails five separate elements: (1) whether the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) whether the defendant's conduct failed to conform to the

---

[264] *Keppard*, 802 So. 2d at 965.

[265] Rec. Doc. 85-1 at 11.

[266] Rec. Doc. 76-3 at 22 (quoting *Courville on Behalf fo Vincent v. City of Lake Charles*, 97-73 (La. App. 3 Cir. 10/28/98); 720 So. 2d 789, 797).

[267] *Id.* (citing *Winn v. City of Alexandria*, 96-492 (La. App. 3 Cir. 11/20/96); 685 So. 2d 281, 288–89).

appropriate standard (the breach element); (3) whether the defendant's substandard conduct was a cause-in-fact of the plaintiff's injures (the cause-in-fact element); (4) whether the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) whether the plaintiff was damaged (the damages element)."[268] A police officer has a duty to act reasonably under the totality of the circumstances.[269]

    As discussed above, there are no genuine, disputed issues of material fact regarding whether Phipps had probable cause to arrest McCoy, or whether he acted reasonably in doing so even if he lacked probable cause. Because the Court has already concluded that Phipps had probable cause to arrest McCoy, the Court cannot conclude that he was nevertheless negligent in arresting her. Therefore, McCoy's negligence claim against HANO PD Defendants must be dismissed.

### d.    42 U.S.C. § 1437(f)(o)(18)

HANO PD Defendants assert that they are not liable for a violation of 42 U.S.C. § 1437(f)(o)(18), as they did not evict McCoy and do not operate the federal housing program in which she was enrolled, and therefore a police force cannot be held liable for alleged violations of the Federal Fair Housing Act.[270] McCoy does not respond to this argument by HANO PD Defendants and does not appear to assert that she wishes to maintain such a claim against HANO PD Defendants, and therefore this Court determines that summary judgment should be granted in favor of HANO PD Defendants on this claim, to the extent it is raised.

---

[268] *Hanks v. Entergy Corp.*, 944 So. 2d 564, 579 (La. 2006).

[269] *Mathieu v. Imperial Toy Corp.*, 646 So. 2d 318, 322–23 (La. 1994).

[270] Rec. Doc. 76-3 at 23.

e.      *Conspiracy*

Throughout her opposition, Plaintiff alleges that HANO PD Defendants conspired with Interstate Reality, d/b/a the Estates New Orleans in order to illegally evict McCoy. HANO PD Defendants argue that Plaintiff's original complaint in this matter does not allege a conspiracy and therefore Plaintiff's conspiracy claims are not properly before the Court.[271] However, although the complaint does not use the term "conspiracy," it does allege that the defendants "acted in concert to violate federal statute by filing and continuing eviction proceeding against her."[272] Nevertheless, bald allegations that a conspiracy existed will be insufficient to overcome a motion for summary judgment.[273] In the Fifth Circuit, "Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based."[274] Although McCoy repeatedly refers to each of the defendants in this matter as co-conspirators who jointly operated to deprive McCoy of her civil rights, she does not provide any summary judgment evidence to specifically support her claim, particularly in light of the Court's determination, above, that Phipps had probable cause to arrest McCoy. Therefore, summary judgment in favor of HANO PD Defendants on McCoy's conspiracy claim is warranted.

---

[271] Rec. Doc. 95 at 2 n.2.

[272] Rec. Doc. 1 at 4.

[273] *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991).

[274] *Lynch v. Cannatella*, 810 F.2d 1363, 1369–70 (5th Cir. 1987).

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that HANO PD Defendants' "Motion for Summary Judgment"[275] is **GRANTED.**

**NEW ORLEANS, LOUISIANA,** this 24th day of May, 2016.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[275] Rec. Doc. 76.

53